Brenda COOPER, Plaintiff-Appellant,

v.

Andrew L. LEWIS, Jr., Secretary of Department of Transportation, Defendant-Appellee.

No. 79–3955.

United States Court of Appeals, Fifth Circuit. Unit A

May 13, 1981.

Thomas & Davis, Joseph W. Thomas, New Orleans, La., for plaintiff-appellant.

Roy F. Blondeau, Jr., Asst. U. S. Atty., New Orleans, La., for defendant-appellee.

Before AINSWORTH and SAM D. JOHNSON, Circuit Judges, and HUNTER,* District Judge.

SAM D. JOHNSON, Circuit Judge:

This is an appeal from a district court dismissal of an employment discrimination suit on the ground that it was not filed within the limitation period provided by section 717(c) of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e–16(c).[1] The district court concluded that since the statute requires a federal employee to file a civil action within thirty days of receipt of notice of final agency action, and since this lawsuit was not filed within thirty days of receipt of notice of final agency action by the employee's attorney, this action was time-barred and should be dismissed. The district court seemed to rely solely upon the statutory thirty-day limitation period in its dismissal of this case, and apparently failed to consider the fifteen-day time period in which a federal employee could, at all times pertinent to this case, appeal the agency action to the Civil Service Commission Appeals Review Board. 5 C.F.R. § 713.233 (1978) (The time period for appeals to the Commission is presently twenty days from receipt of the agency's notice of final decision. 29 C.F.R. § 1613.233 (1979)). It is this fifteen-day limitation period established by Civil Service Commission regulations, and not by the statute, that is before this Court in the present suit. Indeed, only

---

\* District Judge of the Western District of Louisiana, sitting by designation.

1. Section 717(c) provides:

 (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Civil Service Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

 42 U.S.C.A. § 2000e–16(c).

a single issue is presented by this appeal: Did the fifteen-day time period in which the complainant could appeal to the Civil Service Commission after receipt of notice of final agency action begin to run when the complainant's representative received the notice? We hold that in this case, it did not begin to run until the employee received the notice, and we reverse.

On March 23, 1979, Ms. Brenda L. Cooper, an employee of the United States Coast Guard in New Orleans, Louisiana, brought this suit alleging that her failure to be promoted to contract specialist constituted racial discrimination in violation of Title VII, as amended by the Equal Employment Opportunity Act of 1972.[2] Prior to the institution of this suit, plaintiff pursued the administrative procedures that are a necessary prerequisite to the filing of a civil action. In September 1975, Ms. Cooper and Ms. Geneva G. Grier[3] consulted an Equal Employment Opportunity Counselor with respect to their allegations of racial discrimination. The Counselor conducted an informal inquiry, but failed to resolve the matter. At a final interview in December 1975, the complainants were advised of their right to file a formal complaint.

Ms. Cooper and Ms. Grier filed a formal administrative complaint of discrimination with the Department of Transportation on December 12, 1975. In the administrative complaint, both claimed that they were denied a promotion as contract specialists because of their race. An investigation into the charges was undertaken and the agency forwarded the complainants a copy of the investigation report in order to afford the complainants an opportunity to reach an informal resolution with the agency. The efforts at informal resolution, however, were unsuccessful. In October 1976, the complainants were forwarded a copy of the agency's proposed disposition of their complaint, which found no discrimination and which provided for no corrective action. The complainants were dissatisfied with the agency's proposed disposition and requested an agency decision with a hearing. The agency hearings must be conducted by examiners who are not employees of the agency. Thus, although the matter was still before the agency, the hearing was conduct-

2. Plaintiff made the following allegations with respect to her claim of race discrimination: On September 16, 1975, a position as a contract specialist, GS–1102–5/7/9 (indicating that the position could be filled at the GS–5, GS–7, or GS–9 levels) was announced as available. Ms. Ruby Porter, a personnel specialist, rated the applicants, and a list of "highly qualified" candidates was submitted to the Comptroller, Lt. Cdr. Richard C. Waterman. Plaintiff claimed that Waterman rejected the list because it contained only the names of black applicants. Plaintiff also contended that Waterman had previously decided to select Daniel J. Laurent for the position. Waterman appointed his deputy, Lt. Edwin Bruce Ray, to rank the candidates for the position. After Ray re-ranked the candidates, Laurent was ranked at the top of the "highly qualified" list, and Waterman selected Laurent for the position. Five black applicants then contacted an Equal Employment Opportunity Counselor, complaining that Laurent was selected solely because he is white. An investigation performed by the Counselor revealed that Ms. Cooper had been rated as "qualified" when she should have been rated as "highly qualified." The original promotion list was cancelled and a second promotion list, containing Ms. Cooper's name, was issued. Waterman then cancelled the original vacancy announcement, and issued a new va-

cancy announcement pursuant to which two employees were to be selected. A rating panel, which established new weight factors to be used in rating the applicants, was convened. According to plaintiff, the weight factors and methods of rating were designed to favor Laurent, who was again selected for one of the positions. (Ms. Florence G. Collins, who is black, was selected for the second position.) Plaintiff alleged that as part of the selection process, great weight was placed on performance appraisals made by white supervisors who consistently scored black employees lower than white employees. Plaintiff further alleged that since Laurent was afforded promotional opportunities that were denied to plaintiff solely because she is black, Laurent has advanced to the GS–9 level. (Plaintiff was at the GS–7 level when this lawsuit was instituted.) Thus, plaintiff contended that the selection process adversely affects black applicants in general and adversely affected plaintiff in particular in this instance.

3. Although Ms. Cooper and Ms. Grier pursued their administrative remedies jointly, Ms. Grier did not join in the district court suit filed by Ms. Cooper and she is consequently not a party to this appeal.

ed by a Civil Service Commission Complaints Examiner in April of 1978.[4] The examiner recommended that a finding of no race discrimination should be made in connection with the nonselection of complainants for the position of contract specialist. The Department of Transportation adopted the examiner's decision as the agency decision. On June 21, 1978, a letter was addressed to Ms. Cooper from the office of the Secretary of Transportation, notifying her of the Department of Transportation's decision denying her charge of discrimination. This letter to Ms. Cooper recited:

If you are dissatisfied with this final decision, you have the following appeal rights:

—You may appeal it to the Civil Service Commission Appeals Review Board, 1900 E Street, N.W., Washington, D.C. 20415 within 15 calendar days of receipt of the decision.

—You may file a civil action in an appropriate U.S. District Court within 30 days of receipt of the decision.

—If you elect to appeal to the Commission, a civil action in a U.S. District Court may be filed within 30 days of

receipt of the Commission's final decision.

—A civil action may also be filed anytime after 180 days of the date of initial appeal to the Commission if there has not been a final decision rendered.

A copy of this letter was mailed to Mr. George Guidry, Ms. Cooper's designated representative.[5] The letter addressed to Ms. Cooper and the copy sent to Mr. Guidry were sent by registered mail, return receipt requested. The copy addressed to Mr. Guidry was delivered to his office on July 5, 1978, and the return receipt was signed by Bridgette Goins.

Ms. Cooper received notice of the Department of Transportation's decision denying her administrative charge of discrimination on July 24, 1978,[6] and the next day, on July 25, 1978, she appealed that decision to the Civil Service Commission Appeals Review Board. More than 180 days passed without the Review Board having rendered a final decision, and on March 23, 1979, when the Review Board had still not taken final action on the suit, Ms. Cooper filed this action in federal district court.[7] The defendant,

---

**4.** The hearing was originally scheduled to be held early in 1977. Before it took place, however, the examiner remanded the case to the agency to determine whether Daniel J. Laurent had been properly certified for consideration for the contract specialist vacancy. A supplemental investigation indicated that Laurent was properly certified for consideration and was properly ranked as "highly qualified."

**5.** Prior to the hearing before the Civil Service Commission Complaints Examiner, Ms. Cooper signed Civil Service Commission Form 307 entitled "United States Civil Service Commission, Designation of Representative." This form was used to authorize the release of records to the complainant's representative. The form stated: "I hereby designate the individual or organization named below to represent me in connection with my appeal or complaint to the U.S. Civil Service Commission and to receive all information concerning the appeal or complaint from the Commission." The name George A. Guidry was inserted as the person designated to represent Ms. Cooper. Although the matter was, at this time, still before the Department of Transportation, the Designation of Representative form was a Civil Service Commission form.

**6.** There is no evidence in the record as to whether Ms. Cooper ever received the notice sent to her by the agency. Although it was mailed by registered mail, return receipt requested, counsel for the Department of Transportation stated that the department had lost Ms. Cooper's receipt. Thus, the agency contended that Ms. Cooper had received her notice in the mail, but that the agency could not prove when she received it. Ms. Cooper asserted that she never received the notice that was mailed to her. She contended that it was not until July 24, when Mr. Guidry informed her of the notice, that she became aware of the agency disposition.

**7.** On December 11, 1978, Ms. Cooper had filed a prior lawsuit in federal district court. That suit was nearly identical to the present suit. (The only difference in the two suits was that, in the instant action, plaintiff made allegations of violations of 42 U.S.C.A. §§ 1981 and 1983 that she did not raise in the December 11th suit. The §§ 1981 and 1983 claims were dismissed on motion of defendant without opposition from plaintiff on June 25, 1979.) The United States moved to dismiss the December 11th suit on the ground that less than 180 days had passed between the time Ms. Cooper appealed

the Secretary of the Department of Transportation,[8] moved to dismiss this action on the ground that Ms. Cooper neither appealed the final agency decision denying her administrative charge of discrimination to the Civil Service Commission Appeals Review Board within fifteen calendar days of her attorney's receipt of the notice of the adverse agency decision, nor commenced a civil action in a United States District Court within thirty days of receipt of the agency's final decision. The district court granted the defendant's motion to dismiss, and on November 14, 1979, Ms. Cooper's present suit was dismissed in its entirety.

In the Equal Employment Opportunity Act of 1972, Congress granted federal employees the same right to freedom from employment discrimination that it granted to private sector employees in Title VII. *Porter v. Adams*, 639 F.2d 273, 278 (5th Cir. 1981). The statute provides for the filing of a civil action by an aggrieved employee either within thirty days of receipt of notice of final agency action, or within thirty days of receipt of notice of final action by the Civil Service Commission upon appeal from an agency decision. § 717(c), 42 U.S.C.A. § 2000e-16(c). In addition, the statute allows the filing of a civil action after 180 days of the appeal to the Civil Service Commission if no final decision has yet been rendered, until such time as final action is taken by the Commission.[9]

Although the statute, in section 717(c), mentions appeals to the Civil Service Commission, the statute itself does not prescribe any time limit in which an agency decision must be appealed to the Commission. However, pursuant to its statutory rulemaking power,[10] the Commission enacted separate regulations governing appeals of agency decisions to the Civil Service Commission Appeals Review Board. Under the Commission regulations that existed at all times pertinent to this appeal,[11] the complainant

---

to the Civil Service Commission and the date of the filing of the district court suit. In response to defendant's motion to dismiss, Ms. Cooper filed a motion to dismiss the action without prejudice. Ms. Cooper's motion was granted by the district court. The earlier action filed in district court has no effect on the present case.

**8.** This action was originally filed against a number of defendants; however, on June 25, 1979, a motion to dismiss all party defendants except the Secretary of the Department of Transportation, was granted without opposition by plaintiff.

**9.** In dismissing this action, the district court improperly focused solely on the 30-day limitation period for filing a civil action. It apparently failed to consider that, if Ms. Cooper filed her appeal to the Civil Service Commission Appeals Review Board within the required 15-day time period, then, according to the terms of the statute, she was entitled to file suit in district court if the Review Board had not rendered a final decision within 180 days. More than 180 days passed between Ms. Cooper's appeal to the Review Board on July 25, 1978, and the commencement of this suit in district court on March 23, 1979. Since Ms. Cooper had waited at least 180 days before filing suit in district court, and since the Review Board had taken no final action at the time Ms. Cooper filed suit in district court, Ms. Cooper satisfied the requirements of the statute. Consequently, if Ms. Cooper timely filed her appeal with the Review Board within 15 days of receipt of no-

tice of final agency action, then the district court improperly dismissed this case. Hence, it is the issue of when this 15-day limitation period begins to run that is presently before this Court.

**10.** Section 717(b) gives the Civil Service Commission the authority to enforce the Equal Employment Opportunity Act and to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities" under the Act. § 717(b), 42 U.S.C.A. § 2000e-16(b).

This authority has now been transferred to the Equal Employment Opportunity Commission (EEOC). Pursuant to section 3 of the Reorganization Plan No. 1 of 1978, "[a]ll equal opportunity in Federal employment enforcement and related functions vested in the Civil Service Commission pursuant to Section 717(b) and (c) of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e-16(b) and (c)) ..., are hereby transferred to the Equal Employment Opportunity Commission." Reorg. Plan No. 1 of 1978, 43 Fed.Reg. 19,807 (1978), *reprinted in* 42 U.S.C.A. § 2000e-4 note, at 314 (Supp.1980) *and in* 92 Stat. 3781 (1978). This transfer of functions became effective January 1, 1979. Exec. Order No. 12,106, 44 Fed.Reg. 1053 (1978), *reprinted in* 42 U.S.C.A. § 2000e-4 note, at 317–18 (Supp.1980).

**11.** The regulations enacted by the Civil Service Commission were originally codified at 5 C.F.R. §§ 713.201–.283 (1978). After the transfer of

could file an appeal with the Civil Service Commission Appeals Review Board within fifteen days of receipt of notice of final agency action. These regulations provided, in part, as follows:

§ 713.231

(a) Except as provided by paragraph (b) of this section, a complainant may appeal to the Commission the decision of the head of the agency, or his designee:

(1) To reject his complaint, or a portion thereof, for reasons covered by § 713.215: or

(2) To cancel his complaint because of the complainant's failure to prosecute his complaint: or

(3) On the merits of the complaint under § 713.217(c) or § 713.221, but the decision does not resolve the complaint to the complainant's satisfaction.

(b) A complainant may not appeal to the Commission under paragraph (a) of this section when the issue of discrimination giving rise to the complaint is being considered, or has been considered, in connection with any other appeal by the complainant to the Commission.

§ 713.233 Time Limit

(a) Except as provided in paragraph (b) of this section, a complainant may file an appeal at any time after receipt of his agency's notice of final decision on his complaint but not later than 15 calendar days after receipt of that notice.

(b) The time limit in paragraph (a) of this section may be extended in the discretion of the Appeals Review Board upon a showing by the complainant that he was not notified of the prescribed time limit and was not otherwise aware of it or that circumstances beyond his control prevented him from filing an appeal within the prescribed time limit.

5 C.F.R. §§ 713.231, .233 (1978). Plaintiff contends that the fifteen-day time period does not begin to run until the complainant personally receives notice of the adverse disposition of his or her administrative complaint. Thus, Ms. Cooper asserts that her appeal to the Civil Service Commission Appeals Review Board, which was filed one day after she received notice of the agency action, was timely filed.[12] We agree with plaintiff and hold that the fifteen-day time period was not triggered by receipt of notice of agency action by Mr. Guidry—it did not begin to run until July 24, 1978, when Ms. Cooper received notice of the adverse agency disposition.

 It is undisputed that for most purposes, "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Link v. Wabash Railroad*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1879)). However, the agency's contention that receipt of notice by Mr. Guidry triggered the fifteen-day time period overlooks that the regulation establishing the fifteen-day time period was enacted by the Commission, and that this Court is required to give great deference to the Commission's interpretation of its own regulation. Inasmuch as the Commission established the fifteen-day time period for

functions to the EEOC, the rules were recodified with few significant changes at 29 C.F.R. §§ 1613.201–.283 (1979).

12. Defendant argues that Ms. Cooper should not be heard to contest the commencement of the 15-day time period since she failed to avail herself of the agency regulation that provides for an extension of the time limit in the discretion of the Review Board upon a showing by the complainant that he or she was unaware of the time limit. This provision provided no relief for Ms. Cooper, however, since she was completely unaware that she might be in a position to need an extension of the time limit.

Ms. Cooper reasonably believed that she had timely appealed her action since she appealed to the Review Board one day after she received notice of the agency disposition. After 180 days had passed and the Review Board had not rendered a final decision, she filed suit in district court. It was not until defendant's motion to dismiss that Ms. Cooper was first made aware that she might have appealed out of time. Moreover, Ms. Cooper's failure to apply for an extension of the 15-day limitation period was in no way improper. Since Ms. Cooper did timely appeal to the Review Board, she had no need for an extension of the appeal period.

appeals to the Review Board, the Commission's intent as to whether receipt of notice by a representative triggers the time period, if consistent with the Act, should be given effect by this Court. Since the Act gave the Civil Service Commission the authority to establish regulations governing appeals from an agency to the Commission, it follows that the Commission also has the authority to decide what events will trigger the time periods created by its own regulations. *Accord, Porter v. Adams,* 639 F.2d at 276 (In deciding that a charge of reprisal does not function as a "complaint providing a path to judicial review," the Court stated: "[T]he sine qua non for civil action is the filing of a complaint. Since the statute gives the Civil Service Commission the authority to set up the administrative machinery for dealing with complaints of discrimination, a fortiori the Civil Service Commission has the authority to determine what constitutes the filing of a complaint within the meaning of § 717."). Thus, this Court should not superimpose the constructive notice doctrine upon a Commission regulation that did not contemplate constructive notice, but that instead envisioned actual notice to the complainant.[13]

Since this Court will not apply the constructive notice doctrine in contravention of a clear indication by the Commission that the fifteen-day time period was not to be triggered by a representative's receipt of notice of final agency action, this case turns on the question of whether the Commission intended the fifteen-day time period to commence only upon receipt of notice by the employee. In examining the Commission's intent with respect to notification under the regulation, this Court is provided with significant guidance by several other circuit court decisions that have analyzed whether the Commission interprets the Equal Employment Opportunity Act to require personal notification to the employee. These other circuit court decisions have arisen in the context of examining the statutory thirty-day time period for filing suit in district court after receipt of notice of final agency action, and have considered whether that thirty-day period commences upon receipt of notification by the employee's representative. Although the ultimate question in those cases was whether *Congress* intended the thirty-day limitation periods to commence only upon personal receipt of notice by the employee—not whether the *Commission* intended the fifteen-day limitation period to commence only upon receipt of notice by the employee—the cases contain useful discussions of the Civil Service Commission's interpretation of the Act. Consequently, although the case before this Court deals with the fifteen-day limitation period for appeals to the Civil Service Commission, rather than with the thirty-day limitation period for filing suit in district court, the reasoning of these other circuit court decisions is, nonetheless, extremely helpful here.

Three circuits have held that the thirty-day time period in which a federal employee may file suit in district court after receipt of notice of final agency action or final action by the Review Board on appeal does not commence upon receipt of notice by the employee's representative. Rather, subject to a narrow exception in the Eighth Circuit, the Sixth, Eighth, and D.C. Circuits have held that the statute contemplates personal

---

**13.** The defendant argues that this Court need not even consider the doctrine of constructive notice in order to hold that receipt of notice by Mr. Guidry constituted receipt by Ms. Cooper. The defendant claims that Ms. Cooper specifically authorized Mr. Guidry to receive notice of final agency action when she completed and signed the Designation of Representative form. That form, however, only authorized the Civil Service Commission—not the agency—to send information to Mr. Guidry. It stated that "[w]hen you designate a representative you give your consent *to the Commission* to disclose all information concerning your appeal or complaint to the person or organization whom you designate." (Emphasis added.) The notice of the final agency action and the right to appeal came from the office of the Secretary of Transportation, not from the Civil Service Commission. There was no authorization allowing the agency, as opposed to the Commission, to notify Mr. Guidry. Consequently, the existence of the Designation of Representative form does not dispose of this case. Instead, we must look to and analyze the applicability of the doctrine of constructive notice.

notice to the employee, and it is receipt of notice by the employee that starts the running of the statutory time period. *Rea v. Middendorf*, 587 F.2d 4 (6th Cir. 1978); *Craig v. Department of Health, Education & Welfare*, 581 F.2d 189 (8th Cir. 1978) (notice to a representative will trigger the thirty-day period only if the notice is addressed in accordance with the directions of the complainant and receipt of the notice is acknowledged personally by the representative); *Bell v. Brown*, 557 F.2d 849 (D.C.Cir. 1977).

In concluding that Congress intended the thirty-day time period to run from receipt of notice by the employee, these cases rely heavily on the interpretation given to the Act by the Civil Service Commission, as reflected in Commission regulations. The Commission is the expert agency that was originally empowered by Congress to administer the Equal Employment Opportunity Act and to issue such regulations as it deemed necessary to carry out its responsibilities of enforcing the Act. Following an examination of a number of Commission regulations, the *Bell* court concluded that the Commission's regulations envision receipt of notice by the employee himself and not merely by the employee's representative. The court noted that, "The Civil Service Commission's interpretations of [section 717(c)] have consistently reflected the theme that the 30-day period for suit is not set in motion until notice of the final administrative action is obtained by the affected employee, irrespective of when it might reach a representative." 557 F.2d at 854. The *Bell* court went on to state that although the interpretation of a statute by an agency invested with the power to administer the statute is entitled to great deference in the courts, the interpretation of an agency empowered to issue regulations to enforce the statute is entitled to even greater deference. *Id.* at 855. *See General Electric Co. v. Gilbert*, 429 U.S. 125, 141–46, 97 S.Ct. 401, 410–13, 50 L.Ed.2d 343 (1976). Reliance by this Court on the agency's interpretation of the statute is even more compelling here, when dealing with a time period that was established by the Commission pursuant to its rulemaking power rather than a time period established by Congress. Since the Commission interprets the Equal Employment Opportunity Act to require notice to the complainant, it follows that the fifteen-day period established by the Commission in its regulation was not intended to commence upon receipt of notice by the complainant's representative. Rather, the time period was intended to begin when the employee received notice of the final agency action. The Commission has the authority to determine what events will trigger the commencement of the fifteen-day limitation period that it created, and as long as it is consistent with and supported by the statute, this Court will defer to the Commission's determination.

Interpreting the fifteen-day time period to commence upon receipt of notice by the employee is consistent with the Equal Employment Opportunity Act. In addition to relying upon the Civil Service Commission's interpretation of Title VII to reach its conclusion that the statutory thirty-day time period required personal notification to the employee, the *Bell* court also depended upon the concept that Title VII claims should be construed liberally in favor of the complainant in order to effectuate the Act's remedial purpose. Requiring personal receipt of notice by the affected employee, who will often be without an attorney, comports with the everyday realities of Title VII litigation as well as effectuates the fundamental objectives of the Act. The practice of construing this remedial legislation liberally in favor of employees is well recognized in the Fifth Circuit. *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), involved the time period established by Title VII for private sector employees to bring a civil action in district court after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission.[14] In that case, the right-to-sue letter was received and promptly lost by plaintiff's nine-year old nephew. Plaintiff was

14. The time period is presently 90 days, but when the plaintiff originally filed suit in *Franks*, it was 30 days. 42 U.S.C.A. § 2000e–5(f)(1).

unaware of this letter until almost a year later when he contacted EEOC officials once again.[15] The Court there held that plaintiff did not "receive" the first letter and that "the thirty-day limitations period began to run only when the second suit letter actually reached him or his attorney." *Id.* at 404. Although the Court referred to receipt by an attorney, plaintiff had no attorney at the time of this notice and there was no mailing to an attorney; consequently, the reference was simply dictum. In additional dicta, the Court discussed the constructive notice doctrine as follows:

> The courts have consistently construed the Act liberally to effectuate its remedial purpose, and we think this purpose would be poorly served by the application of a "constructive receipt" doctrine to the notification procedure. More narrowly, the purpose of the statutory notification, which is "to provide a formal notification to the claimant that his administrative remedies with the Commission have been exhausted," ... and to inform him that the thirty-day period has begun to run, has not been accomplished unless the claimant is actually aware of the suit letter. In terms of the policy behind limitations periods generally, the claimant can hardly be said to have slept on his rights if he allows the thirty-day period to expire in ignorance of his right to sue.

Our holding that the statutory notification is complete only upon actual receipt of the suit letter accords with the view we have expressed in prior cases that Congress did not intend to condition a claimant's right to sue under Title VII on fortuitous circumstances or events beyond his control which are not spelled out in the statute. *Id.* Subsequent litigation has made clear that *Franks* did not unconditionally reject

the constructive notice doctrine for all circumstances in Title VII litigation. *See Decker v. Anheuser-Busch*, 632 F.2d 1221 (5th Cir. 1980) (delivery of right-to-sue letter to office of employee's attorney started running of ninety-day time period); *Mouriz v. Avondale Shipyards, Inc.*, 428 F.Supp. 1025 (E.D.La.1977) (ninety-day time period began to run when EEOC notice was received at plaintiff's house by his wife, even though plaintiff did not look at it for several days). However, since the Commission did not intend the fifteen-day time period established by Commission regulations to commence upon receipt of notice by the complainant's representative, and since that interpretation comports with the policy that the Act should be liberally construed in favor of those that it is designed to protect, we are compelled to hold that the constructive notice doctrine is inapplicable here. While the Sixth, Eighth, and D.C. Circuit cases dealt with the statutory thirty-day time period, we find their reasoning applicable here and agree with their result. Indeed, we find that result even more compelling here where the court is dealing with a Commission regulation that establishes an extremely short period within which an employee may appeal to the Review Board and that anticipates that notice to the employee—not his representative—will trigger the running of the limitation period. Therefore, we hold that in the present case, the fifteen-day time period established by Commission regulations for federal employees to appeal to the Civil Service Commission Appeals Review Board began to run when the employee received the notice.[16]

This result is neither prohibited by nor contrary to the recent Fifth Circuit case of *Decker v. Anheuser-Busch*. The issue in

---

**15.** Factually, the case before this Court is similar to *Franks*. In *Franks*, if receipt of the right-to-sue letter by plaintiff's nephew had constituted notice to the plaintiff, then the plaintiff would have been unaware of his right to file suit in district court until the 30-day time period in which he could file suit had expired. Likewise, in the instant case, if receipt of notice of final agency action by Mr. Guidry had constituted notice to Ms. Cooper, then Ms. Cooper

would have been unaware of her right to appeal to the Review Board until the 15-day time period in which she could appeal had expired.

**16.** We need not decide whether to adopt the exception outlined by the Eighth Circuit in *Craig* since the requirements of that exception are not satisfied here: receipt of the notice was

that case was whether the delivery of notice to the office of an employee's attorney triggered the running of the ninety-day period that private sector employees have in which to file a civil action in federal district court after receipt of a right-to-sue notice from the EEOC. That case held that, "for purposes of § 2000e–5(f)(1), notice to an attorney who is formally representing the complainant in an EEOC proceeding, constitutes notice to the complainant and begins the running of the 90 days allowed for the filing of suit." 632 F.2d at 1223. The *Decker* Court went on to emphasize that "[w]hether the attorney is representing the complainant in the EEOC proceeding at the time of receipt of the notice is a critical fact which must be determined in each case." [17] *Id.* See *Gonzalez v. Stanford Applied Engineering, Inc.*, 597 F.2d 1298, 1299 (9th Cir. 1979) ("We hold that when the request for issuance of a right to sue letter comes from a claimant's attorney, notice to the attorney that right to sue has been granted starts the [ninety-day time period] running."). The *Decker* Court recognized that its decision was contrary to that of several other circuits with respect to the thirty-day time limit for federal employees to file suit in district court after receipt of notice of final agency action. *Decker* distinguished those cases in the following discussion:

> We are aware of other decisions under Title VII, particularly those applying 42 U.S.C. § 2000e–16, the section involving discrimination in federal employment. That section provides for a 30 day period for the filing of suit. Other circuits have held that this 30 day period is triggered by receipt of notice by the complainant, but not by the complainant's attorney. See *Rea v. Middendorf*, 587 F.2d 4 (6th Cir. 1978); *Craig v. Department of Health, Education and Welfare*, 581 F.2d 189 (8th Cir. 1978); and *Bell v. Brown*,

557 F.2d 849 (D.C.Cir.1977) (rationale relied upon by district judge as lending support to a similar interpretation of the section now before us). These cases were, however, primarily premised upon the principle that great deference should be given to the interpretations of statutory language by the Civil Service Commission, the agency charged with the administration of those provisions. Those interpretations require the mailing of notice to both the claimant, and any representative. These cases provide that the time for filing suit, subject to an exception sharply defined in *Craig*, commences upon the claimant's receipt of the notice.

Our analysis of the proper application of § 2000e–5(f)(1) is not aided by the interpretations of an expert agency. We must make our way through the thicket without the aid of administrative blazing. 632 F.2d at 1223. Thus, the *Decker* Court indicated that its result might be different if it were dealing with the fifteen- or thirty-day time limits applicable to federal employees (and if it were thus required to defer to the interpretations of an expert agency) rather than the ninety-day time period applicable to private employees.

Furthermore, the *Decker* Court concluded its opinion by stating that:

> Involved here are the professional responsibilities of the attorney and a long standing tradition that notice to or knowledge by the attorney is notice to or knowledge by the client. Unless and until there is a clear expression by the Congress to the contrary, these professional responsibilities, and this long standing tradition, must prevail and mark our result in cases of this kind.

*Id.* at 1224. In the present instance, however, the Commission has given the courts a clear indication that, at least with respect to filing periods established by Commission

---

not acknowledged personally by the representative.

**17.** Although our present holding makes further fact finding on this issue unnecessary, it is not altogether clear that Mr. Guidry was still formally representing Ms. Cooper at the time he received the notice of final agency action. Ms. Cooper filed her appeal to the Civil Service

Commission on her own—Mr. Guidry was uninvolved in the appeal from the outset. Although Ms. Cooper had not notified the Commission in writing that Mr. Guidry was no longer her representative, as required by the Designation of Representative form, this is not dispositive of the question of Mr. Guidry's continued representation of Ms. Cooper.

regulations pursuant to the Equal Employment Opportunity Act, notice to the attorney is not to be imputed to the employee for purposes of triggering the filing periods. We are compelled to give great deference to the Commission's interpretation of the Act in general, and this deference should be even greater when interpreting a regulation that was enacted by the Commission. Thus, although the *Decker Court,* in construing the statute, had no indication from Congress that the statute should be interpreted without the application of the traditional constructive notice doctrine, in the case *sub judice,* which requires a construction of a Commission regulation, we do have a clear indication from the Commission that its regulation does not incorporate the constructive notice doctrine. Consequently, we conclude that in the present case, the fifteen-day time period for appeals to the Civil Service Commission Appeals Review Board was triggered by receipt of notice by the employee. Since Ms. Cooper's appeal to the Civil Service Commission Appeals Review Board was timely filed, Ms. Cooper satisfied the requirements for filing suit in district court.

Since the district court improperly dismissed for lack of jurisdiction, this case is reversed and remanded for reinstatement.

REVERSED AND REMANDED.