**Brenda L. GANHEART**

v.

**Manuel LUJAN Jr., Secretary of the Interior.**

**Civ. A. No. 89–3581.**

United States District Court, E.D. Louisiana.

Jan. 30, 1990.

---

**1054**

Robert C. Jenkins, New Orleans, La., for plaintiff.

Glenn K. Schreiber, Asst. U.S. Atty., New Orleans, La., for Lujan.

### Order and Reasons

PATRICK E. CARR, District Judge.

This matter is before the Court on defendant's motion to dismiss or alternatively for summary judgment. Determining in its discretion that oral argument is unnecessary,[1] the Court CANCELS the hearing on the motion, previously set for January 31, 1990, and now GRANTS the motion.

This is a federal employee Title VII claim filed by a black woman for sex and race discrimination. The government moves to dismiss on two grounds: (1) the suit was filed untimely, and (2) the relief sought either has been previously granted or is judicially unavailable to plaintiff. Because plaintiff waited more than 20 days before filing her appeal to the EEOC and because the EEOC did not abuse its discretion in denying her request to extend that 20–day time limit, the Court finds that plaintiff's suit is untimely; the Court does not address the government's second ground for dismissal.

### I.

In 1984, plaintiff was head librarian at the Minerals Management Service of the Department of the Interior in New Orleans. On May 4, 1989, Dale Douglas, plaintiff's supervisor and acting chief of the Office of Program Services of the MMS, issued a memorandum reorganizing the New Orleans MMS office, including its library, effective May 7, 1984.

On that same date, plaintiff requested a meeting with Douglas. Douglas allegedly told her that she would not be the head

---

**1.** *Compare Wilkens v. Rogers*, 581 F.2d 399, 305 (4th Cir.1978) (cited with approval in *Gary W. v. State of Louisiana*, 601 F.2d 240, 244 (5th Cir. 1979)) (oral argument is not required for a motion to dismiss) *with Villanueva v. CNA In-* *surance Companies*, 868 F.2d 684, 688 (5th Cir. 1989) (same for a summary judgment motion). *See generally* F.R.Civ.P. 78; Local Rules 2.03E, 2.04E.

librarian for the reorganized library and that a clerk typist position in that unit would not be filled at that time.

On July 17, 1984, plaintiff filed an administrative complaint with the Department of the Interior; she claimed first that she should remain head librarian and second that the clerk typist position should be filled. An Administrative Law Judge heard the case; the ALJ found for plaintiff on her first claim but rejected her second claim as moot (the clerk-typist position was filled in September 1984). The Department's Director of Equal Opportunity adopted the ALJ's decision in full and so advised plaintiff by certified mail, which she received on June 22, 1988; the decision also advised plaintiff of her right to file either a civil action within 30 days, or an appeal to the Equal Employment Opportunity Commission (EEOC) within 20 days, of her receipt of the letter.[2]

On July 16, 1988 (24 days after 6/23/88), plaintiff mailed an appeal with the EEOC concerning the second claim only. In connection with her notice of appeal, plaintiff submitted a separate letter explaining the reasons for her tardy filing; she contended that she "was in the middle of an investigation of three previous complaints, ... could not locate the cover letter which accompanied the ... EEOC Recommended Decision or the [agency's] final decision, ... [and] was subjected to a number of harassive, stressful factors" and that she therefore "could not determine the exact deadline for submittal of the appeal request." Attached to her letter were (1) a letter dated August 22, 1987 by a psychologist that plaintiff was seeing her for "medical and psychotherapeutic help," and (2) a letter dated January 27, 1988 by a medical doctor that plaintiff was under his care for "treatment of respiratory complications ... [and] should not be exposed to excessive heat or cold." Dismissing the appeal as untimely, the EEOC explained:

Appellant has failed to show that she was not notified of the prescribed time limit. The record indicates she was so informed. In addition, the [EEOC]'s records reflect that appellant has filed several appeals to the [EEOC] and should be aware of the 20–day time limit. Appellant's contention that she was very busy and lost the notice of when to file does not rise to the level of circumstance beyond her control. Therefore, we find appellant has failed to submit adequate justification, pursuant to 29 C.F.R. § 1613.233(c), for extending the filing period beyond 20 days.

The EEOC notified plaintiff of these written reasons by certified mail, which she received on December 31, 1988.

On January 30, 1989 (30 days after 12/31/88), plaintiff mailed a request to the EEOC for it to reopen and reconsider its dismissal of her appeal; she argued and alleged that the EEOC failed to consider her medical condition, that the EEOC had given the Department of the Interior numerous deadline extensions, that the Department "has not been timely, at any point," and that she was still being subjected to discriminatory treatment. Denying her request, the EEOC explained:

We disagree with appellant's position concerning her untimely filing that she previously provided an explanation regarding her deteriorating mental and physical health. While we note appellant's appeal referenced a respiratory ailment, we find that this alone, along with the documentation concerning her respiratory condition which she has submitted with her request, concerns time periods prior to her receipt of the final agency decision.

Furthermore, none of appellant's arguments or documents demonstrate that appellant was so incapacitated by her condition that she was unable to file her appeal in a timely manner. [citation

---

**2.** On June 23, 1988, the Department complied with the Director's order concerning plaintiff's first claim (viz., notice was posted advising that plaintiff was at all material times head librarian, and "Douglas received extensive training in personnel matters"). Plaintiff does not appear to dispute either that the Department fully complied with the Director's order or that the Director's order granted plaintiff full, satisfactory relief on her first claim.

omitted.] For these reasons we are not persuaded by appellant's arguments.

Finally, we consider appellant's argument that because the agency has missed deadlines or been granted extensions, she should be afforded similar treatment in the interest of fairness. However, we are not persuaded by appellant's contention. We find that the agency's tardiness in the processing of the complaint in this case does not excuse appellant's lateness in filing her appeal. Rather, a timely filing, unless excused because appellant was not notified of the time limits or was prevented by circumstances beyond her control, is threshold to our consideration of the merits of an appeal. We are not otherwise compelled to consider the merits of this appeal.

The EEOC notified plaintiff of these further written reasons by certified mail, which she received on July 15, 1989.

On August 11, 1989, plaintiff filed this lawsuit, repeating her administrative claims. In lieu of filing an answer, the government brought the instant motion; attached to the motion is, among other documents, a copy of all pleadings filed with the EEOC in connection with plaintiff's appeal.

## II.

The government argues that plaintiff's suit is untimely (1) because plaintiff did not file suit within 30 days of December 31, 1988, the date she received notice that the EEOC dismissed her appeal, or alternatively (2) because, without adequate excuse,

she did not file her appeal to the EEOC within 20 days of June 22, 1988, the date she received notice of the Department's final decision on her administrative complaint. While the Court rejects the government's first argument, the Court agrees with the government's second.

## A.

■ It is now well established that 42 U.S.C. § 2000e–16 provides the sole and exclusive remedy to a federal employee for claims of racial and sexual job discrimination.[3] 42 U.S.C. § 2000e–16(c), governing the timeliness of civil actions, reads in pertinent part:

> Within thirty days of receipt of notice of final action taken by a department ... or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department ... on a complaint of discrimination based on race, color [or] sex ..., an employee ..., if aggrieved by the final disposition of his complaint, ... may file a civil action ..., in which civil action the head of the department ... shall be the defendant.

The Fifth Circuit has consistently held that this 30–day filing limitation is jurisdictional and thus (unlike private discrimination cases under 42 U.S.C. § 2000e–5(f)(1)) is not subject to equitable tolling.[4]

Congress did not define what constitutes a "final disposition" by the EEOC for the purposes of the jurisdictional limitation period in 42 U.S.C. § 2000e–16(c). Pursuant to its delegated powers under the statute,[5] however, the EEOC has promulgated regu-

---

**3.** See Irwin v. Veterans Administration, 874 F.2d 1092, 1095 (5th Cir.1989) (Brown bars such claims under 42 U.S.C. §§ 1985 and 1986); Porter v. Adams, 639 F.2d 273, 278 (5th Cir. Unit A 1981) (same for such Bivens actions); Newbold v. United States Postal Service, 614 F.2d 46, 47 (5th Cir.1980) (per curiam) (same for such claims "under 42 U.S.C. § 1981 et seq."); cf. Temengil v. Trust Territory of the Pacific Islands, 881 F.2d 647, 656 (9th Cir.1989) (concurring opinion) (federal district court lacks jurisdiction to address §§ 1981 and 1983 claims brought against, among others, the Secretary of the Interior for employment discrimination). See generally Brown v. General Services Administration,

425 U.S. 820, 835, 96 S.Ct.1961, 1969, 48 L.Ed.2d 402 (1976).

**4.** E.g., Hernandez v. Aldridge, 866 F.2d 800, 802 (5th Cir.1989) (distinguishing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)).

**5.** See Cooper v. Lewis, 644 F.2d 1077, 1081 & nn. 10–11 (5th Cir. Unit A 1981); Allen v. United States, 542 F.2d 176, 179–80 (3d Cir.1976); 42 U.S.C. § 2000e–16(b); cf. General Electric Co. v. Gilbert, 429 U.S. 125, 141 n. 20, 97 S.Ct. 401, 410 n. 20, 50 L.Ed.2d 343 (1976) (discussing 42 U.S.C. § 2000e–12(a)).

lations under the statute[6] that do address the issue.

29 C.F.R. § 1613.234(a) provides for written decisions by the EEOC for appeals to the EEOC from the employee's department. 29 C.F.R. § 1613.234(b) provides:

> A decision issued under this section is final ... unless:
>
> (1) Within 30 days of receipt [sic] a decision issued under paragraph (a) of this section, either party files a timely request to reopen pursuant to § 1613.235, or
>
> (2) The [EEOC] on its own motion reopens the case.

29 C.F.R. § 1613.235 provides:

. . . .

> (b) Parties may request reopening or reconsideration provided that such request is made within 30 days of receipt of a decision issued pursuant to § 1613.234

. . . .

. . . .

> (d) A decision on a request to reopen by either party is final and there is no further right by either party to request reopening.

Finally, 29 C.F.R. § 1613.240(b) provides that a document is "deemed timely if it is ... postmarked before the expiration of the applicable filing period."

Under 29 C.F.R. § 1613.234(b)(1), the EEOC's written reasons disposing of an employee's appeal is final unless either party to the appeal—i.e., the employee or the employing department—files a timely request for the EEOC to reopen. Because plaintiff did not file her suit within 30 days of the EEOC's decision dismissing her appeal, the issue becomes whether she "file[d] a timely request to reopen pursuant to § 1613.235."

In this case, plaintiff received on December 31, 1988 the EEOC's decision dismissing her appeal. Under § 1613.235(b), she had to make—or in the words of § 1613.234(b)(1), to file—her request within 30 days thereof (i.e., by January 30, 1989) in order for her request to be timely. Under § 1613.240(b), a request to reopen is timely made (or filed), among other times, when it is "postmarked before the expiration of the applicable filing period." Because plaintiff mailed her request to reopen on January 30, 1989, her request was timely under § 1613.235(b). Thus, the EEOC's decision dismissing her appeal no longer remained the "final disposition" under the statute. Instead, pursuant to § 1613.235(d), the EEOC's decision denying plaintiff's request to reopen became the "final disposition" under the statute. Because plaintiff received this decision on July 15, 1989 and filed her suit within 30 days thereof, the Court concludes that the Court has subject-matter jurisdiction to address plaintiff's suit.[7]

Defendant's reliance on the Fourth Circuit's decision in *Birch v. Lehman*[8] is misplaced, for the EEOC regulations at issue have since *Birch* been amended to clarify the ambiguity existing in the earlier version of those regulations at issue in *Birch*.[9]

### B.

■ In enacting 42 U.S.C. § 2000e–16, Congress made no provisions for the time limits an aggrieved employee has to file an appeal to the EEOC from a final administrative action taken by his employing de-

---

**6.** *Compare* 29 C.F.R. § 1613.201(b)(1)(i) (29 C.F.R. §§ 1613.201–.283 apply to "executive agencies") *with* 5 U.S.C. § 105 (defining "executive agencies" to include executive departments) *and* 5 U.S.C. § 101 (defining the Department of the Interior as one of the executive departments).

**7.** *See Smith v. Kaldor,* 869 F.2d 999, 1006 n. 6 (6th Cir.1989); *cf. Donaldson v. T.V.A.,* 759 F.2d 535, 538 (6th Cir.1985) (discussing former version of 29 C.F.R. § 1613.235(b)); *Nordell v.*

*Heckler,* 749 F.2d 47, 49–50 (D.C.Cir.1984) (same).

**8.** 677 F.2d 1006, 1008 (4th Cir.1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983).

**9.** *See* 52 Fed.Reg. 41,927 (Oct. 30, 1987). Further, reliance on *Birch* should be also rejected for the reasons discussed in *Donaldson* and *Nordell.*

partment.[10] Pursuant to its delegated powers,[11] however, the EEOC has promulgates such provisions.

29 C.F.R. § 1613.233 governs the time limits for appeals to the EEOC from the employee's department:

(a) Except as provided in paragraph (c) of this section, a complainant may file a notice of appeal at any time up to 20 calendar days after receipt of the agency's notice of final decision on his or her complaint. An appeal is deemed filed on the date it is postmarked ....

(c) The 20–day time limit within which a notice of appeal must be filed will not be extended by the [EEOC] unless, based upon a written statement by the complainant showing ... that circumstances beyond his or her control prevented the filing of a Notice of Appeal within the prescribed limit, the [EEOC] exercises its discretion to extend the time limit and accept the Appeal.

This court is required to give great deference to the EEOC's interpretation of this procedural regulation it has promulgated.[12]

It is undisputed that plaintiff did not file her appeal to the EEOC within 20 days of the date she received notice of her department's final action on her administrative complaint, which notice also specifically advised plaintiff that she had 20 days from her receipt of the notice within which to file any appeal to the EEOC. Thus, the issue becomes whether the EEOC abused its discretion in not extending the 20–day time limit and not accepting plaintiff's appeal. If the EEOC did not abuse its discretion, then this Court must dismiss plaintiff's suit under F.R.Civ.P. 12(b)(6) for failure to state a claim.[13]

■ In reviewing whether the EEOC should or should not have extended the 20–day time limit for appeal, the Court may "consider only those grounds of complaint that were raised in the administrative process." [14]

Upon reviewing the grounds plaintiff offered to the EEOC for her late appeal and the reasons the EEOC articulated for rejecting those grounds, the Court is unable to determine that the EEOC abused its discretion.[15] The sole statement on this point in plaintiff's opposition to the instant motion [16] was fully addressed by the EEOC in its denial to reopen and must be rejected for the reasons the EEOC has already given.

To paraphrase the Supreme Court's decision in *Baldwin County Welcome Center v. Brown*,[17] which discussed the issue of equitable tolling in a private employer Title VII case:

This is not a case in which a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, or where the [EEOC or the Department of the Interior] has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. The simple fact is that [plaintiff] was told ... what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that

---

10. *See Cooper v. Lewis*, 644 F.2d 1077, 1081 (5th Cir. Unit A 1981).

11. *See supra* note 5.

12. *Cooper*, 644 F.2d at 1084.

13. *Cf. Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A 1981) (concerning timeliness in filing administrative complaints under 42 U.S.C. § 2000e–16).

14. *Hoffman v. Boeing*, 596 F.2d 683, 685 (5th Cir.1979) (per curiam).

15. *See Polisoto v. Weinberger*, 638 F.Supp. 1353, 1367–68 (W.D.Tex.1986).

16. *See* Plaintiff's Memorandum at 3 ("Petitioner's excuse was an illness which prevented her from timely filing her appeal to the Commission.").

17. 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam).

lack of diligence.[18]

"The facts of this case fall squarely within the rationale of *Brown*. Although a different limitation period is at issue here, there is no reason not to apply the principles the Supreme Court enunciated in *Brown* while interpreting a virtually identical regulation." [19]

### III.

For these reasons, the Court dismisses plaintiff's complaint with prejudice at her costs.

---

**18.** *Id.* at 151, 104 S.Ct. at 1725–26 (citations omitted).

**19.** *Johnson v. United States Postal Service*, 863 F.2d 48, 1988 WL 122962, *2–*3, 1988 U.S.App. LEXIS 15325,*5–*6 (6th Cir.1988) (table) (affirming dismissal of Title VII case, where plaintiff filed an appeal to the EEOC 21 days after she received notice of the USPS's final action denying her administrative claim).