Charles T. PLANT

v.

GMRI, INCORPORATED
D/B/A Red Lobster.

No. CIV.A. G–97–607.

United States District Court,
S.D. Texas,
Galveston Division.

July 10, 1998.

**754**

David A Jameson, Attorney at Law, Galveston, for David Jameson, Mediator.

Althea Michele Bailey, Law Office of Eddie M Krenek, Katy, Katrina S Patrick, Bailey & Patrick, Houston, for Charles T. Plant, Plaintiffs.

Kenneth Ross Citti, Citti & Crinion, Houston, Devon L Gosnell, McKnight Hudson Ford & Harrison, Carl K K Morrison, McKnight Hudson/Ford et al, Memphis, TN, for Gmri, Inc. dba Red Lobster, Darden Restaurants dba Red Lobster, Defendants.

## ORDER DENYING SUMMARY JUDGMENT [1]

KENT, District Judge.

 Plaintiff brings this case alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* Now before the Court are Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment, Plaintiff's Response to Defendant's Motion, and Defendant's Reply to Plaintiff's Response. For the reasons that follow, Defendant's Motion is DENIED.

Defendant seeks summary judgment on Plaintiff's national origin cause of action claiming that Plaintiff failed to meet the limitations period set out in Title VII, which requires a plaintiff to sue within ninety days of receiving a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e–5(f)(1).

On October 9, 1996, Plaintiff filed a charge with the EEOC alleging that he had not been promoted to general manager because of his race and age, and also alleging that he had been retaliated against for filing a previous charge of discrimination with the EEOC. Thereafter, on July 16, 1997, the EEOC issued a "Letter of Determination" ("July 16th letter"), wherein the EEOC stated its findings on Plaintiff's allegations.[2] According to Defendant, the July 16th letter required Plaintiff to initiate suit on his national origin claim within ninety days, and because Plaintiff failed to do so, his national origin claim is time barred.[3] Plaintiff, on the other hand, argues that because the July 16th letter stated that sufficient cause existed on his national origin claim, conciliation was necessary and no right to sue actually issued on the national origin claim at that time. In support of his contention, Plaintiff notes that following an unsuccessful conciliation process on the national origin claim, he received a Right to Sue letter which specifically addressed his national origin claim from the EEOC on October 27, 1997 ("October 27th letter"). Plaintiff filed suit on his national

---

1. When considering a motion to dismiss, the Court has discretion as to whether it will accept materials outside the pleadings. *See Skyberg v. United Food and Commercial Workers Int'l Union*, 5 F.3d 297, 302 (8th Cir.1993). Matters outside the pleadings include written or oral evidence substantiating, not reiterating, the contents of the pleadings. *See Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir.1992). If the Court accepts outside information, it must convert the motion to dismiss to one for summary judgment. *See Madewell v. Downs*, 68 F.3d 1030 (8th Cir. 1995); *see also* Fed.R.Civ.P. 12(b)(6). Upon conversion, the Court applies the standard for summary judgment. *See Woods v. Dugan*, 660 F.2d 379, 381 (8th Cir.1981). Because both parties submit evidence outside the pleadings, Defendant's Motion here is treated as one for summary judgment.

2. In true comedy of errors fashion, the EEOC failed to even address Plaintiff's retaliation claim in its initial letter, but instead did so by issuing an amended letter.

3. Plaintiff initiated suit in this Court on his age discrimination and retaliation claims within ninety days of receiving the July 16th letter; that case was numbered G–98–38. After receiving the October 27th letter, Plaintiff then initiated suit on his national origin claim in G–97–607. On June 4, 1998, the Court consolidated G–98–38 with G–97–607.

origin claim on January 23, 1998, eighty-eight days after receiving the October 27th letter.

■ This Court has repeatedly stated that a plaintiff must file suit within ninety days of receiving notice of a right to sue. *See, e.g., Crittendon v. American National Ins. Co.,* 967 F.Supp. 933 (S.D.Tex.1997); *Avie v. Marley Cooling Tower Co.,* 952 F.Supp. 492 (S.D.Tex.1997); *McNeill v. Atchison, Topeka & Santa Fe Ry. Co.,* 878 F.Supp. 986 (S.D.Tex.1995). Because a failure to comply with the ninety-day requirement jeopardizes a plaintiff's ability to pursue a cause of action under Title VII, there has been much debate regarding the actions that trigger the ninety day period. The general rule has been stated as:

> the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice.

*Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1250 (5th Cir.1985) (citations omitted) (emphasis added). The Court notes that the ninety-day requirement is not a jurisdictional prerequisite to suit but rather is a nonjurisdictional statutory precondition to suit. *See id.* at 1248 n. 1. As such, it may be subject to tolling and waiver. *See id.* Tolling, however, is not an issue in this case.

■ Defendant's Motion turns on whether the July 16th letter indeed provided Plaintiff the necessary right-to-sue notice sufficient to begin the ninety-day limitations period. If so, the subsequent Right to Sue letter received by Plaintiff on October 27th, which discussed Plaintiff's national origin claim, is irrelevant when determining compliance with the ninety-day limitations period. *See Lo v. Pan American World Airways,* 787 F.2d 827 (2d Cir.1986). Because of its contradictory language and confusing verbiage, a substantial part of the July 16th letter is reproduced here:

> Charging Party alleged that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, in that Respondent denied him a promotion to general manager because of his national origin, Hispanic, his age 40, in violation of the Age Discrimination in Employment Act (ADEA), and in retaliation for having filed a prior charge of discrimination in March of 1993.
>
> Examination of the evidence shows that the Respondent had no formal application process, and does not keep records of candidates that were either considered or rejected for promotion. The record shows that Respondent's selection criterion consists of favorable performance reviews, and opinions from supervisory employees, which are subjective and lacking objective guidelines. Evidence fails to show however, that the Charging Party was not as qualified as the younger, successful non-Hispanic candidate. Additionally, the record reveals that there have been no Hispanics promoted to the general manager position in either of the 12 Red Lobster Restaurants located throughout South Texas under the supervision of Thomas Dunson, White, Director of Operations.
>
> *There is no evidence that shows that Charging Party's age was a factor in the promotional process.*
>
> Based on the above evidence *I have determined that the evidence obtained during the investigation violated Title VII of the Civil Rights Act of 1964, as amended.*
>
> This determination and dismissal conclude the processing of the *hiring issue portion of this charge.* This letter will be the only notice of dismissal and the only notice of the Charging Party's right to sue sent by the Commission with respect to the hiring allegations. THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT AGAINST THE RESPONDENT(S) NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN 90 DAYS OF THE CHARGING PARTY'S RECEIPT OF THIS LETTER. Therefore, if a suit is not filed within this 90–day period, the Charging Party's right to sue will be lost.
>
> The Commission shall attempt to eliminate the discriminatory policies or practices alleged, and to obtain voluntary compliance with the requirements of the Act through informal methods of conciliation, confer-

ence and persuasion. *This letter of Determination serves as notice that the Commission is prepared to begin conciliation according to Section 7(b) of the ADEA.* A Commission representative will contact you in the near future to begin conciliation. If the Respondent declines to discuss settlement of the Title VII matter or when, for any other reason, a settlement acceptable to the EEOC District Director is not obtained, the Director will inform the parties and advise them of the available court enforcement alternatives *regarding the ADA claims.*

(Emphasis Added).

Although it is confusing, contradictory, and patently silly in light of the facts of this case, after carefully reviewing the language of the July 16th letter,[4] the Court concludes that the July 16th letter was only intended to dismiss and provide a right to sue on Plaintiff's age discrimination claim, and was not intended to provide notice of a right to sue on Plaintiff's national origin claim. The Court's conclusion is buttressed by subsequent correspondence received by Plaintiff from the EEOC, and by the fact that Plaintiff was ultimately issued a right to sue after the EEOC found "cause" and decided not to sue Defendant themselves.[5] Of course, the Court understands and agrees with Defendant's contention that an attempt at conciliation is not a prerequisite to filing a Title VII action; however, that is not the dispositive issue here. The issue here is whether the July 16th letter gave notice of a right to sue.[6] It did not. Because Plaintiff filed suit within ninety days of receiving a Right to Sue on his national origin claim, Defendant's Motion is DENIED.

For the foregoing reasons, Defendant's Motion for Summary Judgment is hereby DENIED. The parties are ORDERED to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

---

4. Riddled with mistakes and irrelevancies, the *Letter of Determination* is clearly the end result of a hasty cut-and-paste exercise.

5. The Court notes that, according to the regulations controlling EEOC action, when the EEOC finds "no cause," it issues a Letter of Determination, thus allowing the charging party to bring suit. *See* 29 C.F.R. § 1601.19(a). However, if the EEOC finds "cause," it attempts conciliation, and may or may not immediately issue a right to sue. *See generally* §§ 1601.21–28. As discussed, conciliation is not a prerequisite to filing a Title VII action; instead, the only prerequisite is the receipt of a right to sue letter.

6. Plaintiff also relies upon the deposition testimony of a former employee of the EEOC who opines that federal law mandates attempts at conciliation before a right to sue letter is issued. In light of the discussion above, it is clear that the former employee is misinformed regarding federal law. However, although not dispositive, the former employee's testimony at least sheds some light on the procedures used at the EEOC.