Richard G. ESPINOZA,
Plaintiff-Appellant,

v.

MISSOURI PACIFIC RAILROAD CO.,
Defendant-Appellee.

No. 84–2469
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 11, 1985.

Deyeso, Manka & Deyeso, Frederick J. Deyeso, San Antonio, Tex., for plaintiff-appellant.

Sewell & Riggs, Gordon A. Holloway, Teresa W. Fogler, Houston, Tex., for defendant-appellee.

Before RUBIN, RANDALL and TATE, Circuit Judges.

RANDALL, Circuit Judge:

Richard G. Espinoza appeals the district court's dismissal for lack of subject matter jurisdiction of his suit against his employer, Missouri Pacific Railroad Co., alleging racial discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. The district court concluded that it lacked jurisdiction because Espinoza did not file suit within ninety days after notice of his right to sue Missouri Pacific was given by the Equal Employment Opportunity Commission. We affirm.

The statute, 42 U.S.C. § 2000e–5(f)(1), provides that, if the Commission dismisses a charge or if, within 180 days after a charge is filed, the Commission has not filed a civil action, "the Commission ... shall so notify the person aggrieved and within *ninety days after the giving of such notice* a civil action may be brought against the respondent named in the charge." (Emphasis added.) The facts about the right-to-sue letter in this case are established by affidavits of Espinoza, Espinoza's wife and the district director and are not contested.[1] The letter was issued by

---

1. At this point, a brief detour is in order to clarify the nature of 42 U.S.C. § 2000e–5(f)(1)'s ninety-day requirement and the procedural path for assessing whether it has been satisfied. The district court dismissed this action for want of jurisdiction. We note, however, that commencing an action within ninety days of receipt of a right-to-sue letter is not a jurisdictional prerequisite; rather, the ninety-day requirement is akin to a statute of limitations. *See Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069–70 (5th Cir.1981) (citing *Coke v. General Adjustment Bureau, Inc.,* 640 F.2d 584, 591 n. 14 (5th Cir.1981) (en banc) (29 U.S.C. § 626(d)(1) requirement that ADEA plaintiff file with Secretary of Labor notice of intent to sue within 180 days of alleged discrimination is not jurisdictional)); *see also Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398, 102 S.Ct. 1127, 1135, 71 L.Ed.2d 234 (1982) (42 U.S.C. § 2000e–5(e) requirement that employee file discrimination charge with EEOC within 180 days of alleged discrimination is not jurisdictional prerequisite to suit in the district court); *Nilsen v. City of Moss Point,* 701 F.2d 556, 563 (5th Cir.1983) (en banc) ("we hold that the timely filing requirements of Title VII are to be treated as limitation periods for all purposes"). This distinction is important for at

least two reasons. First, the ninety-day requirement, as a nonjurisdictional statutory precondition to suit, may be subject to tolling and waiver. *See Baldwin County Welcome Center v. Brown,* —— U.S. ——, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam). Second, the issue of subject matter jurisdiction may be resolved by the district court in a manner fundamentally different from the defense of limitations. On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court may itself resolve disputed fact questions. *Williamson v. Tucker,* 645 F.2d 404, 412–13 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981). On a Rule 12(b)(6) motion to dismiss for failure to state a claim, on the other hand, the district court must accept the truth of plaintiff's allegations or rely upon only those matters outside of the pleadings with respect to which there is no genuine issue of fact. *Id.; see also* Fed.R.Civ.P. 12(b)(6), 56.

Thus, *the district court clearly erred by phrasing its dismissal of this case in terms of subject matter jurisdiction.* This error is of no significance here, however, because the court considered only the allegations of the pleadings and affidavits sufficient under Rule 56 for summary judgment. Moreover, as we discuss later, the

the EEOC on May 3, 1983, and mailed to Espinoza at the address that he provided to the EEOC—his home address. The notice was actually received at that address by Espinoza's wife on May 4, 1983. Espinoza was out of town at that time and did not actually see the letter until he returned home on May 12, 1983. The suit was filed on August 3, 1983, ninety-two days after the letter was delivered to Espinoza's home. The district court held that the ninety-day period within which suit must be filed was triggered by receipt of the notice at Espinoza's residence and that Espinoza's suit was therefore untimely.

On appeal, Espinoza argues that the ninety-day period does not begin to run until the person aggrieved actually receives the right-to-sue letter because it is only then that the person becomes aware of his or her right to sue. As authority for that proposition, Espinoza cites the Seventh Circuit's decision in *Archie v. Chicago Truck Drivers*, 585 F.2d 210 (7th Cir.1978), and our decision in *Franks v. Bowman Transportation Co.*, 495 F.2d 398 (5th Cir.1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), on which the Seventh Circuit relied heavily in *Archie*. There is no question but that *Archie* squarely supports Espinoza's position. The facts involved in *Archie* are, for all practical purposes, identical to the facts in this case, and the Seventh Circuit ruled that receipt by Archie's wife at his residence did not trigger the ninety-day period, holding instead that "the ninety-day period of limitation set forth in 42 U.S.C. § 2000e–5(f)(1) begins to run on the date on which a claimant actually receives from the EEOC his notice of right-to-sue." *Archie*, 585 F.2d at 216.

In *Franks*, the right-to-sue letter was received at Franks' mailing address by Franks' nine-year old nephew, who lost the letter before Franks saw or read it. Approximately a year later, Franks contacted the EEOC and learned that the right-to-sue letter had been issued and forwarded to his residence. A new letter was issued by the

EEOC, and suit was filed by Franks shortly thereafter. The court held that, although receipt at Franks' mailing address constituted prima facie evidence of notification, statutory notification, on these facts, took place only upon actual receipt by Franks. Construing the Act liberally, the court refused to apply the "constructive receipt" doctrine. The court expressed the view that "Congress did not intend to condition a claimant's right to sue ... on fortuitous circumstances or events beyond his control." 495 F.2d at 404. The court concluded that where "it is shown that the claimant through no fault of his own has *failed to receive the suit letter* ... the delivery of the letter to the mailing address cannot be considered to constitute statutory notification." *Id.* at 405 (emphasis added).

We disagree with *Archie*'s characterization of the issue involved in this case as one of constructive receipt or notice. The statute does not establish the beginning of the ninety-day period as the date when the plaintiff "receives" notice but starts the period at the "giving of such notice." While, as noted by Judge Rubin in his dissent in the vacated opinion in *Decker v. Anheuser-Busch*, 632 F.2d 1221 (5th Cir. 1980), *vacated en banc*, 670 F.2d 506 (5th Cir.1982), this contemplates that the notice be given in such manner as to be received, it does not exact that the EEOC assure that the notice is actually read. We believe that ordinarily the purposes of the Act will be served by commencement of the ninety-day period on the date that notice is received at the address supplied to the EEOC by the claimant. Notice was "given" to Espinoza at the place he indicated. It was received there, albeit by Espinoza's wife. We deal here, therefore, with actual, not constructive notice, given to Espinoza in the manner he directed.

■ We also are unconvinced by Espinoza's analogy to *Franks*. *Franks* involved the very different situation of a claimant who, through no fault of his own, never

ninety-day requirement was neither waived nor   tolled in this case.

received the right-to-sue notice. Later decisions have characterized the discussion of constructive receipt in *Franks* as dicta. *See Cooper v. Lewis*, 644 F.2d 1077, 1085 (5th Cir.1981).[2] We need not, however, embrace the constructive receipt doctrine or repudiate *Franks* in order to decide this case. Both *Franks* and *Archie* were decided at a time when there was considerable uncertainty whether compliance with the ninety-day period was a jurisdictional prerequisite to suit and whether the period was subject to waiver and tolling. That uncertainty has since been eliminated. *See* note 1, *supra.* Now that we recognize that the ninety-day period is akin to a statute of limitations, and is subject to equitable tolling, we may adopt a rule which serves the purpose of the statute while at the same time providing relief in extreme cases like

*Franks.* We hold that the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice. *Cf. Bell v. Eagle Motor Lines, Inc.*, 693 F.2d 1086 (11th Cir. 1982); *Mouriz v. Avondale Shipyard, Inc.*, 428 F.Supp. 1025 (E.D.La.1977).[3]

■ In this case, Espinoza has alleged no grounds for equitable relief from this rule. Unlike the claimant in *Franks*, Espinoza actually learned of his right to sue shortly after notice was received at his mailing address. The only basis urged by Espinoza for equitable tolling of the ninety-day period is the conclusory claim that "[i]n

---

2. We said in *Cooper* that "[s]ubsequent litigation has made clear that *Franks* did not unconditionally reject the constructive notice doctrine for all circumstances in Title VII litigation," citing *Decker*. Since the opinion in *Decker* was vacated subsequent to *Cooper* by en banc consideration, it obviously is not binding upon us. In *Decker*, suit was filed eighty-eight days after the plaintiff received notice of her right to sue, but ninety-one days after notice was delivered to her attorney. The panel characterized *Franks'* discussion of the constructive receipt doctrine as dicta and distinguished *Franks* because, as in our case, notice was actually received by the claimant with plenty of time in which to act within the ninety-day period. The panel went on to hold that notice to the claimant's attorney commenced the running of the ninety-day period. The en banc court remanded the case for an evidentiary hearing on the existence of the attorney-client relationship between the claimant and her lawyer. 670 F.2d at 507. On remand, the district court, applying the Eleventh Circuit's flexible case-by-case approach to the commencement of the ninety-day period, determined that, because of questions about the scope of the relationship between claimant and her attorney, receipt by the attorney did not commence the ninety-day period. 558 F.Supp. 445, 449 (M.D.Fla.1983). As noted, we of course are not bound by the panel opinion in *Decker*. We think, however, that it correctly characterizes the nature of *Franks'* discussion of constructive receipt.

*Cooper* itself concerned Civil Service Commission regulations under which a federal employee has only fifteen days after receipt of notice of an adverse agency determination on a discrimination charge to appeal that determination to the agency review board. The court in *Cooper*

construed those regulations to require actual receipt by the employee of the notice. In so doing, however, the court suggested that a distinction could be drawn between the situation presented in *Cooper*, involving the short time limit applicable to federal employees and regulations adopted by the agency charged with the administration of the federal employment discrimination laws, and the ninety-day time period applicable to private employees.

3. Both *Bell* and *Mouriz* involved facts nearly identical to those in this case. In *Bell*, the Eleventh Circuit applied a "case-by-case" approach and determined that receipt by Bell's wife commenced the running of the ninety-day period. *See also Lewis v. Conners Steel Co.*, 673 F.2d 1240 (11th Cir.1982) (notice mailed to address provided to EEOC; remand to determine if claimant failed to notify EEOC of address change); *Law v. Hercules, Inc.*, 713 F.2d 691 (11th Cir.1983) (notice picked up by claimant's son at post office, but not seen by claimant until "one or two days later"; held, ninety-day period began to run when son picked up notice). In *Mouriz*, then District Judge Rubin determined that receipt by the claimant's wife at the address provided by the claimant commenced the ninety-day period. Both *Bell* and *Mouriz* are premised on the notion that a "claimant should be required to assume some minimum responsibility for an orderly and expeditious resolution of his dispute" and should not "enjoy a manipulable open-ended time extension which could render the statutory limitation meaningless." *Bell*, 693 F.2d at 1087 (quoting *Lewis*, 673 F.2d at 1242). We agree with that notion and believe that it is entirely consistent with the rule we announce today.

the present case, there exists the elements necessary to establish and invoke the doctrine of equitable tolling." Appellant's Brief at 13. Apparently, Espinoza's position is that, simply because he was out of town when notice arrived at his home, the equities demand tolling. We heartily disagree. Espinoza has not alleged that fortuitous circumstances beyond his control prevented him from learning of his right to sue. In fact, he has offered absolutely no explanation for his failure to file suit within the eighty-two day period that remained following his return home. Clearly, he has not even come close to the kind of showing required to invoke the doctrine of equitable tolling. The Supreme Court in *Baldwin County Welcome Center*, 104 S.Ct. at 1725–26, listed some of the circumstances in which equitable tolling of the ninety-day period might be justified: (1) where notice from the EEOC does not adequately inform plaintiff of the requirement that suit be commenced within the statutory period; (2) where a motion for appointment of counsel is pending; (3) where the court itself has led plaintiff to believe that she has satisfied all statutory prerequisites to suit; and (4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction. Our cases involving equitable tolling of the 180-day period for filing an initial charge of discrimination with the EEOC, *see* 42 U.S.C. § 2000e–5(e), have demanded a similar showing. *See, e.g., Chappell v. EMCO Machine Works Co.*, 601 F.2d 1295, 1302 (5th Cir.1979) (equitable tolling of 180-day period appropriate where (1) suit pending in state court; (2) claimant is unaware of facts giving rise to Title VII claim; or (3) EEOC misleads claimant about the nature of his Title VII rights). In this case, Espinoza has made no showing that he was misled by the court, the EEOC or the defendant or that he took any action within the ninety-day period to commence his lawsuit. Clearly, he is not entitled to equitable tolling. *See Baldwin County Welcome Center*, 104 S.Ct. at 1726 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Cruce v.*

*Brazosport Independent School Dist.*, 703 F.2d 862, 864 (5th Cir.1983) (same); *Hibbard v. Don Love, Inc.*, 584 F.Supp. 2, 3 (S.D.Tex.1984) (fact that plaintiff was moving during the ninety-day period does not justify tolling).

For the reasons set forth above, we affirm.

AFFIRMED.