Melton AVIE, Clarence Farmer, Ira Hill, Jr. and Carl Woods

v.

**MARLEY COOLING TOWER COMPANY and Xcel Erectors, Inc.**

Civil Action No. G–96–84.

United States District Court, S.D. Texas, Galveston Division.

Feb. 3, 1997.

Otto Dennis Hewitt, III, Attorney at Law, Alvin, TX, for Melton Avie, Clarence Farmer, Ira Hill, Jr., Carl Woods.

G. Mark Jodon, Ogletree Deakins Nash Smoak & Stewart, Houston, TX, for Marley Cooling Tower Co., Xcel Erectors, Inc.

### ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

Plaintiffs filed this action pursuant to Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 and the Fourteenth Amendment due process and equal protection clauses. The Court dismissed the Plaintiffs' cause of action under 42 U.S.C. § 1981 and Plaintiffs' constitutional claims on July 3, 1996. Now before the Court is Defendant's Motion for Summary Judgment of December 11, 1996, and Defendant's Motion for Severance of December 23, 1996.[1] For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED,** and the Defendant's Motion for Severance is, therefore, **DENIED** as moot.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Issues of material fact are genuine only if they require resolution by a trier of fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In other words, the Court must accept the evidence of the nonmoving party and draw all justifiable inferences in favor of that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513.

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also* Fed.R.Civ.P. 56(c). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita,* 475 U.S. at 585–87, 106 S.Ct. at 1355–56; *Wise v. E.I. DuPont De Nemours & Co.,* 58 F.3d 193, 195 (5th Cir.1995). To meet this burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1355–56 (quoting Fed.R.Civ.P. 56(e)). Summary judgment should be granted only if the evidence indicates that a reasonable fact-finder could not find in favor of the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510; *see also Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356.

Defendant seeks summary judgment on Plaintiffs' Title VII claims on the basis that Plaintiffs did not file their action within the statutorily prescribed time period. Title VII provides that if the EEOC dismisses a charge brought by a person aggrieved by unlawful employment practices or does not file a civil action based on the charge within a specified time period, the EEOC shall "notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The Fifth Circuit has interpreted this ninety-day requirement as akin to a statute of limitations rather than as a jurisdictional prerequisite. *Espinoza v. Missouri Pacific R.R. Co.,* 754 F.2d 1247, 1248 n. 1 (5th Cir.1985). The ninety-day limitations period begins to run "on the date the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the

---

1. Since the filing of these Motions, the Court has entered a Voluntary Dismissal of Defendant Marley Cooling Tower Company pursuant to Fed. R.Civ.P. 41(a). Therefore, at this time, the Court considers the Motions on behalf of Defendant Xcel Erectors only.

claimant." *Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir.1986). The Fifth Circuit has taken a strict approach to calculating the ninety days and has held that a suit filed on January 6, 1984 was untimely when the right-to-sue letter was received on October 6, 1983, ninety-two days prior. *Id; see also Espinoza,* 754 F.2d at 1249 (affirming the dismissal of Title VII claims on the grounds that the suit was filed on August 3, 1983, ninety-two days after the right-to-sue letter was received on May 4, 1983). While the Court may feel that this calculation method is harsh and may be unfair to average plaintiffs who may think "ninety days" means three months, it is nonetheless bound by Fifth Circuit precedent and will apply it appropriately.

■ In this case, Plaintiffs filed suit on February 6, 1996. Plaintiffs allege in their Original Petition [sic] that the EEOC right-to-sue letters were received on November 6, 1995. In their Response to Defendant's Motion for Summary Judgment, Plaintiffs do not dispute the evidence that their right-to-sue letters were received on this date. The ninety-day period begins to run from the date either the claimants or their designated counsel received the right-to-sue letters. In this case, by their own admission, Plaintiffs' received the letters on November 6, 1995, and the ninety-day period began to run from that date. When the suit was filed on February 6, 1996, ninety-two days had passed from the receipt of Plaintiffs' right-to-sue letters. Therefore, this suit was not timely filed as required by Title VII.

■ The Court notes that the ninety-day requirement is not a jurisdictional prerequisite to suit but rather is a nonjurisdictional statutory precondition to suit. *Espinoza,* 754 F.2d at 1248 n. 1. As such, it may be subject to tolling and waiver. *Id.* The Supreme Court has identified several circumstances in which the ninety-day limitation may be equitably tolled, such as where a claimant has received inadequate notice, where a motion for appointment of counsel is pending, where the Court has led the plaintiff to believe that he had done everything required of him, or where affirmative misconduct by the defendant has lulled plaintiff into inaction. *Bald-*

*win County Welcome Center v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 1725–26, 80 L.Ed.2d 196 (1984). This is not a case in which Plaintiffs received inadequate notice. Nor are any of the other extenuating circumstances present to justify tolling the limitations period. In fact, Plaintiffs have alleged no grounds for equitable relief from this ninety-day rule. Plaintiffs simply contend that the ninety-day rule is subject to equitable tolling. The Court finds, however, that while this statement of the law is true, Plaintiffs have made no showing to establish a genuine issue of material fact as to whether the ninety-day time period should be tolled. Plaintiffs do not dispute Defendant's allegation and presentation of evidence that Plaintiffs' received the right-to-sue letters on November 6, 1995, and filed suit on February 6, 1996, two days late. The result to which the Court is forced to come is an unfortunate one, but it is bound to apply the letter of the law as set forth by Congress and the Fifth Circuit.

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED.** Each and every Title VII claim by Plaintiffs against Defendant is hereby **DISMISSED WITH PREJUDICE.** Consequently, the Defendant's Motion for Severance is **DENIED** as moot. However, had the Court reached the Defendant's Motion for Severance, it would have summarily denied that Motion. The fact that Defendant waited until six weeks before the trial date, ten months after suit was filed, to file a Motion for Severance is utterly ridiculous. The Court admonishes counsel that it does not look favorably upon such procedural machinations on the eve of trial.

Finally, the Defendant's Motion for Attorneys' Fees is also **DENIED.** The Defendant has prevailed in this case, but only because the mechanical application of the ninety-day rule required such a harsh result. The Court finds no bad faith on the part of the Plaintiffs which would warrant the award of attorneys' fees. Accordingly, the parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file nothing further on these issues in this Court, includ-

ing motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Order issued this date, Defendant's Motion for Summary Judgment is **GRANTED** and all claims are hereby **DISMISSED WITH PREJUDICE.** Accordingly, the Defendant's Motion for Severance is **DENIED** as moot.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**