Betty KAURA, Plaintiff,

v.

**PINKERTON SECURITY
AND INVESTIGATION
SERVICES, Defendant.**

**Civil Action No. 3:96–cv–509WS.**

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 21, 1997.

---

Suzanne Griggins Keys, Byrd & Associates, Jackson, MS, for plaintiff.

M. Curtiss McKee, Jerrald L. Shivers, Daniel, Coker, Horton & Bell, Jackson, MS, for defendant.

**1.** Rule 12(b)(6) of the Federal Rules of Civil Procedure provides:

Every defense, in law or fact to a claim for relief in any pleading, whether a claim, counterclaim, crossclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: ... (6) failure to state a claim upon which relief can be granted,....

**2.** Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an em-

*ORDER*

WINGATE, District Judge.

Before the court is the motion of the defendant, Pinkerton Security and Investigation Services, asking this court to dismiss plaintiff's lawsuit under Rule 12(b)(6) [1] on the grounds that this action fails to state a claim upon which relief may be granted. This action, alleging sex discrimination, was brought by the plaintiff, Betty Kaura, pursuant to Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e, *et seq.,* [2] and the Civil Rights Act of 1991, Title 42 U.S.C. § 1981. [3] Defendant contends that since plaintiff failed to bring her Title VII lawsuit within the ninety (90) days as required by Title 42 U.S.C. § 2000e–5(f)(1), after plaintiff had received her right-to-sue letter, her lawsuit must now be dismissed. Although plaintiff opposes the motion, asking this court to apply equitable tolling, this court is persuaded to grant defendant's motion to dismiss.

Plaintiff Betty Kaura filed her sex discrimination lawsuit against defendant pursuant to Title VII of the Civil Rights Act. Prior to filing her complaint, the plaintiff had received a right-to-sue letter from the Equal Employment Opportunity Commission on or about April 3, 1996. [4] Plaintiff did not file the instant lawsuit until July 8, 1996, some ninety-four (94) days after plaintiff had received the right-to-sue letter.

Plaintiff does not challenge the above facts, but admits her tardiness in filing her complaint. Further, plaintiff does not dispute that the strictures of Section 2000e–5(f)(1) require a plaintiff to file her lawsuit within ninety (90) days after having received a right-to-sue letter.

ployer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

**3.** The Civil Rights Act of 1991 governs compensatory damages and the right to a jury trial in actions arising under the Civil Rights Act of 1964.

**4.** plaintiff's Complaint, paragraph 8.

Plaintiff, however, urges the court to apply here the doctrine of equitable tolling to allow her to escape the dread consequences of a strict application of Section 2000e–5(f)(1). According to plaintiff, the excusable circumstances which occasioned her untimely filing are as follows: plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission on or about April 5, 1996; her attorney prepared her complaint and had it ready for filing on July 2, 1996; on July 3, 1996, her attorney was out of the office, but instructed a legal assistant to file the complaint on that date; the legal assistant gave the complaint to an office runner with specific instructions to file the complaint on that date; the legal assistant then notified plaintiff's attorney that the complaint had been sent for filing; the next day, July 4, 1996, was a holiday; on July 8, 1996, the following Monday, the office runner acknowledged that he had forgotten to file the complaint and had taken it home with him over the Fourth of July holiday and had filed it the morning of July 8, 1996, upon his return.[5] Based upon the above, plaintiff contends it was not her fault that her complaint was not filed within the ninety-day period, that the tardiness was due solely to the error of the office runner who was to have filed the complaint on July 3, 1996, which would have been within the ninety-day filing period. Plaintiff concludes that these circumstances deserve shelter under the doctrine of equitable tolling from the harsh consequences of Section 2000e–5(f)(1) would occasion to her lawsuit.

Plaintiff is correct that the ninety-day filing period is subject to equitable tolling. The Fifth Circuit has recognized as much in *Espinoza v. Missouri Pacific Railroad Company*, 754 F.2d 1247, 1250 (5th Cir.1985), wherein the Court held that the giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant through no fault of his own failed to receive the right-to-sue letter or unless for some other equitable reason the statute should be tolled until he actually receives notice.

The doctrine of equitable tolling, however, as pointed out by defendant, does not necessarily apply to situations of attorney "inadvertence." In *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the United States Supreme Court held that a party is bound by the acts of her lawyer/agent. Further, in *Thornton v. South Central Bell Telephone Company*, 906 F.Supp. 1110, 1119–1120 (S.D.Miss.1995), this court held that negligence on the part of the attorney was not sufficient grounds for equitable tolling of the ninety-day filing period within which a Title VII suit must be brought.

Therefore, since it is undisputed that plaintiff received the Equal Employment Opportunity Commission's right-to-sue letter on or about April 5, 1996; that plaintiff's complaint was not filed until July 8, 1996, some ninety-four (94) days after plaintiff had received the right-to-sue letter; that plaintiff's excuse is simply inadvertence of her attorney's staff, an excuse which this court does not construe here as falling within the doctrine of equitable tolling, this court finds that plaintiff's complaint was untimely filed and must be dismissed. The court will enter a separate judgment in accordance with the local rules.

---

**5.** July 4, 1996, fell on a Thursday and the office of the Clerk for the United States District Court was closed in observance of Independence Day.

However, the Clerk's Office did reopen on Friday, July 5, 1996, at which time plaintiff's Complaint could have been filed.