IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20068
Summary Calendar

_____

HALINA SZYMCZYK,

Plaintiff-Appellant,

versus

ALLIANCE:  TEXACO/HOUSTON
ADVANCED RESEARCH CENTER;
HOUSTON ADVANCED RESEARCH
CENTER; TEXACO; TEXACO GROUP,
INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston
USDC No. H:98-CV-4350

_____

November 15, 2000

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Halina Szymczyk, appeals the district court's
dismissal of her discriminatory discharge claims against the
defendants, Houston Advanced Research Center ("HARC") and Texaco
Group ("Texaco").  Szymczyk alleges she was unlawfully terminated
from her employment as a lab assistant at HARC on the basis of her

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Polish ethnicity and sex.  Finding no error in the district court's order dismissing all claims against the defendants, we affirm.

I

Szymczyk began working for Texaco in 1984.  After ten years of employment with Texaco, Szymczyk transferred to a HARC geochemistry lab.  Although the lab was built pursuant to an agreement between HARC and Texaco, the agreement specified that HARC performed services for Texaco as an independent contractor, not as an agent or employee of Texaco.[1]

According to Szymczyk, she began experiencing discrimination in her employment with HARC when she arrived in 1994.  Szymczyk alleges she was paid less for performing similar work as male employees at HARC and was harassed and discriminated against by her supervisor, Katry Bissada.  Szymczyk logged three complaints with HARC about the alleged discrimination between April 8 and April 11, 1996.  On April 12, 1996, Szymczyk was terminated from her employment at HARC.  HARC contends that Szymczyk was terminated due to her inability to perform required work in a timely manner.

---

[1]The record reveals that HARC and Texaco are separate corporate entities.  Although Szymczyk filed her complaint in the district court against "Alliance: Texaco/Houston Advanced Research Center," no such conglomerate appears to exist.

On June 26, 1996, Szymczyk filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC").[2] She received a right to sue letter from the EEOC dated May 1997, authorizing a suit against HARC only.[3] On April 7, 1998, Szymczyk filed suit against HARC and Texaco in Texas state court, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq ("Title VII"). Szymczyk amended her complaint upon instruction from the court, dropping the references to state law breach of contract and intentional infliction of emotional distress claims included in her original pleading.

The defendants subsequently removed the action to federal court. Thereafter, Texaco filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), asserting that Szymczyk failed to obtain a right to sue letter, as to Texaco, from the EEOC as required by Title VII. On July 9, 1999, HARC filed a motion for summary judgment, arguing that Szymczyk's claim was barred because she failed to file her suit against it within the 90-day period prescribed by Title VII. The district court granted both motions

---

[2]The EEOC charge was filed against HARC only. Texaco was not mentioned in the charge.

[3]This letter included the standard notice of the 90-day limitation for filing discrimination suits following receipt of a right to sue letter from the EEOC.

and dismissed all claims against the defendants on November 22, 1999.  Szymczyk timely appealed.

                                    II

    We review de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim.  See Morin v. Claire, 77 F.3d 116, 120 (5th Cir. 1996).  Rule 12(b)(6) motions should be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-6, 78 S.Ct. 99 (1957). A district court's grant of summary judgment is reviewed de novo. See National Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, 40 F.3d 698, 707 (5th Cir. 1994).  Summary judgment is warranted if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505 (1986).

    Despite the fact that the district court's disposition of this case addresses only her Title VII claims against the defendants, in her brief Szymczyk attempts to revive her voluntarily dismissed contract and emotional distress claims.  We first address Szymczyk's Title VII claims against the defendants before considering her state law claims.

                                    III

                                    4

A

HARC asserts that Szymczyk's claim was properly dismissed on summary judgment because she failed to file her complaint within ninety days after receiving her right to sue letter from the EEOC. See Espinoza v. Missouri Pac. R.R. Co., 754 F.2d 1247, 1250 (5th Cir. 1985).

The record reveals that Szymczyk undoubtedly filed her Title VII complaint against HARC well after the statutorily authorized time period had transpired.[4]  Although this time requirement is subject to the equitable doctrines of tolling and waiver, the district court found, and we agree, that none of these equitable principles apply in Szymczyk's case.  Szymczyk's only given reason for not filing suit within the statutorily authorized time frame is that she was "sick" and "mentally depressed."  This basis for delay is not sufficient to invoke the doctrine of equitable tolling and rescue Szymczyk's claims.  See Espinoza, 754 F.2d at 1251.  We therefore affirm the district court's granting of summary judgment in favor of HARC.

B

---

[4]Szymczyk's right to sue letter is dated May 2, 1997. Although she claims to have received the letter in July 1997, her complaint was filed on April 7, 1998, at least 250 days after she received written notice of the 90-day statutory limitation.

We now turn to her claim against Texaco. The district court granted Texaco's motion to dismiss Szymczyk's Title VII claim for failure to state a claim under Rule 12(b)(6). Texaco argued, and the court found, that Szymczyk failed to file a charge against Texaco with the EEOC within 180 days of the alleged discriminatory act, a statutory prerequisite to filing a Title VII suit. See 42 U.S.C. § 2000(e)(5)(e).

We agree with the district court's finding that Szymczyk failed to comply with the statutory requirements of Title VII.[5] Moreover, she has proffered no equitable consideration that could excuse her failing to file a charge with the EEOC against Texaco. See Dollis v. Rubin, 77 F.3d 777, 780 (5th Cir. 1995). Therefore, we affirm the district court's dismissal of Szymczyk's Title VII claim against Texaco for failure to state a claim under Rule 12(b)(6).

IV

Finally, Szymczyk alleges in her appellant's brief state law breach of contract and intentional infliction of emotional distress claims against both defendants. The district court did not address

_____

[5]The record shows that Szymczyk stopped working for Texaco in 1994 when she transferred to HARC. She filed her charge with the EEOC against HARC only in June 1996, two years after she stopped working for Texaco. While Szymczyk argues in this appeal that Texaco and HARC are "joint employers," she failed to plead this claim before the district court. In any event, Szymczyk does not allege any harassment during her employment with Texaco.

6

either claim in its disposition of the case because Szymczyk dropped any reference to her state law claims when she amended her pleadings before the state court. Szymczyk abandoned these claims when she failed to plead them in her amended and final complaint. See Tex. R. Civ. P. 65. Moreover, Szymczyk waived any such state law claims by never presenting them before the district court. Indeed, she references the state law claims for the first time in her appellant's brief before this court. Because Szymczyk failed to present these claims before the district court, these claims are dismissed.

V

In sum, we find that the district court did not err when it dismissed Szymczyk's Title VII claims against both HARC and Texaco. We also find that Szymczyk failed to properly present her state law claims before the district court. Therefore, the judgment of the district court is

A F F I R M E D.