**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-11383**
**Summary Calendar**

_____

**RICHARD FRANKLIN,**

**Plaintiff-Counter Defendant-Appellant,**

**versus**

**BURLINGTON NORTHERN SANTA FE CORPORATION,**

**Defendant-Counter Claimant-Appellee.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:00-CV-1508-A)**

March 29, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard Franklin appeals the summary judgment granted Burlington Northern Santa Fe Corporation on several bases against his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e—2000e-17. Franklin contends the district court erred in holding, _inter alia_, that his complaint is time-barred.

"We review a grant of summary judgment de novo, applying the same standard as the district court ... [and] view[ing] the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in a light most favorable to the non-movant". *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (internal citations omitted). "Summary judgment is proper when 'there is no genuine issue as to any material fact and [] the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(c)).

Franklin filed a retaliation charge with the EEOC on 17 September 1999. It dismissed the charge and, on 20 September 1999, sent a notice-of-right-to-sue letter (letter) to the address in San Antonio Franklin had provided. Franklin was in Fort Worth during the week of 20 September. He recalls receiving the letter on a Friday, which he concludes was 24 September. Franklin did not file his complaint until 23 December (1999).

A plaintiff, however, must do so "within ninety days after the giving of such notice [of right to sue by the EEOC]". 42 U.S.C. § 2000e-5(f)(1). A plaintiff is presumed to have received the notice three days after issuance. *See* **Baldwin County Welcome Ctr. v. Brown**, 466 U.S. 147, 148 n.1 (1984) (per curiam); FED. R. CIV. P. 6(e). Thus, Franklin is presumed to have received the letter on 23 September. He did not file his complaint until 91 days later. Accordingly, the district court held it time-barred.

Franklin maintains he rebutted the presumption of notice by providing evidence he filed his complaint within 90 days of *actually* receiving the letter. He also asserts that the EEOC

2

letter did not inform him that he would be presumed to have received the letter three days after it was mailed.

In *Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247 (5th Cir. 1985), however, our court held:

> [T]he giving of notice to the claimant *at the address designated by him* suffices to start the ninety-day period unless the claimant, *through no fault of his own*, failed to receive the right-to-sue letter or unless, *for some other equitable reason*, the statute should be *tolled* until he actually receives notice.

*Id.* at 1250 (emphasis added). Because the letter is presumed to have been received on 23 September at the address designated by Franklin, and because he has failed to rebut that presumption, his complaint was untimely.

To the extent Franklin's brief may be read to suggest the filing period ought to be equitably tolled (he never expressly requests such relief), such assertion is waived. *See Jernigan v. Collins*, 980 F.2d 292, 297 n.1 (5th Cir. 1992), *cert. denied*, 508 U.S. 978 (1993). Moreover, as the district court noted: "[Franklin] ma[de] no argument that equitable tolling should apply. Nor d[id] he offer any evidence that would support such tolling".

*AFFIRMED*

3