United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-30991
(Summary Calendar)

LIBBY L. JACKSON-VAUGHN,

Plaintiff-Appellant,

versus

TANGO TRUCK SERVICE INC, doing business as Tango Transport Inc.

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-1883)

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

Libby L. Jackson -Vaughn ("Jackson-Vaughn) appeals the district court's grant of summary

judgment to Tango Transport Inc. ("Tango Transport") dismissing her Title VII claim as time-barred

based on her failure to file suit within ninety days following receipt of the Equal Employment

---

* Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Opportunity Commission's ("EEOC's") issuance of a right-to-sue notice. For the following reasons, we affirm.

Title VII provides that, if the EEOC dismisses a charge or if, within 180 days after a charge is filed, the EEOC has not filed a civil action, "the [EEOC]... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e-5(f)(1). On March 25, 1999, Jackson -Vaughn filed a charge of discrimination with the EEOC on the basis of sex, pregnancy, and race. On January 25, 1999, the EEOC issued Jackson-Vaughn a right-to-sue letter. In February 1999, Tango Transport received a second notice of a charge of discrimination from the EEOC regarding Jackson-Vaughn. When Tango Transport inquired as to the basis of the second charge, the EEOC informed the company that the second charge was incorrectly issued as a result of an administrative oversight. On July 15, 1999, the EEOC issued Jackson-Vaughn a second right-to-sue letter. On October 13, 1999, Jackson-Vaughn filed suit in the district court alleging that she was discriminated against in violation of Title VII and Louisiana state law discrimination statutes on the basis of sex, pregnancy and race.

Jackson-Vaughn avers that the ninety-day filing period should begin to run from the date the second right-to-sue letter was issued. Alternatively, Jackson-Vaughn avers that equitable grounds require tolling of the filing period. Both arguments fail. The EEOC's first right-to-sue letter was clear that Jackson-Vaughn had ninety days to file suit in the district court. Moreover, the record is clear that the second notice was duplicative and issued as a result of an administrative oversight. Furthermore, Jackson-Vaughn does not provide any facts which would warrant equitable tolling of the filing period. See Espinoza v. Missouri Pacific R. Co., 754 F.2d 1247, 1249 (concluding that no facts existed which would justify equitable tolling). Specifically, Jackson-Vaughn does not allege that

2

she was misled by the issuance of the second right-to-sue letter. In fact, the record reflects that the EEOC informed Jackson-Vaughn that the second notice was issued inadvertently and was being dismissed as a result.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to Tango Transport.

AFFIRMED.