United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

--------------------
No. 06-20494
Summary Calendar
--------------------

LARRY CARTER

Plaintiff - Appellant

v.

DEPARTMENT OF VETERANS AFFAIRS; ANTHONY PRINCIPI, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS

Defendants - Appellees

-------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston
USDC No. 4:04-CV-1379
-------------------------------------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Larry Carter appeals the district court's dismissal of his employment discrimination case.  For the reasons that follow, we AFFIRM the judgment of the district court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from three different cases alleging discrimination that Carter brought before the Department of

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Veteran's Affairs (the "Department"): Veterans Affairs Case Numbers 2003-0851-2001118028 ("8028"), 2001-0851-2002100608 ("608"), and 2003-0851-200313509 ("3509"). Carter filed two separate lawsuits in federal district court to challenge his employer's actions. The case before this court arises out of the second suit.

**A. The Original Suit**

In November 2003, before the Department had issued a final decision in any of the three cases listed above, Carter filed a pro se complaint against the Department in federal district court in the Southern District of Texas. Carter later retained counsel, but apparently did not inform his attorney about the pro se complaint until after it had been dismissed.

On June 25, 2004, the district court dismissed the case for want of prosecution. Carter's counsel filed a motion for reconsideration of the dismissal on July 9, 2004.

On March 22, 2005, the district court granted Carter's motion for reconsideration and reinstated the original suit.

**B. Our Case**

In December 2003, the Department's Office of Employment Discrimination Complaint Adjudication issued a Final Agency Decision concerning cases 8028 and 608, finding that Carter failed to prove discrimination. On December 29, 2003, the Final Agency Decision arrived at Carter's counsel's office building,

which was the address designated by Carter. The lawyer's office was closed from December 24, 2003 to January 4, 2004, and an employee of the building's landlord accepted and signed for the letter. It was not until on or about January 3, 2004, that an employee of the law firm picked up the letter from the building's central mailing area.

Later, the Department issued a decision as to case 3509, dismissing it for "untimely EEO contact" because Carter had not contacted an EEO counselor until more than forty-five days after the alleged discriminatory incident had occurred.

On April 2, 2004, Carter filed this lawsuit challenging the outcome of all three cases.

On September 8, 2004, defendants-appellees filed a motion to dismiss for lack of subject matter jurisdiction, or in the alternative, for summary judgment. The defendants argued with regard to the first two cases that the lawsuit had been filed after the expiration of the statute of limitations. As to the third case, the defendants argued that Carter had not exhausted his administrative remedies within the time period mandated by regulation.

The district court in this case, unaware of the reinstatement of the original suit, granted the defendants' motion and dismissed the case for lack of subject matter jurisdiction on May 11, 2005. Carter then filed a motion for a new trial and informed the district court of the reinstatement of

3

the original suit. The district court denied the motion on June 29, 2005. Carter appealed.

## II.  STANDARD OF REVIEW

We review de novo a dismissal for lack of subject matter jurisdiction. Gandy Nursery, Inc. v. United States, 318 F.3d 631, 636 (5th Cir. 2003). However, when a district court declines to exercise its equitable power to toll a statute of limitations, we review for abuse of discretion.  Teemac v. Henderson, 298 F.3d 452, 456 (5th Cir. 2002).

The standard of review for a motion to alter judgment depends on whether the district court considered any new material: if it did, then the standard is de novo; if not, the standard is abuse of discretion.  Templet v. HydroChem, Inc., 367 F.3d 473, 477 (5th Cir. 2004).  In this case, it is unclear whether the district court considered additional materials. Thus, we review the denial of the motion as if no new material had been considered; in other words, for abuse of discretion. Id.

## III.  DISCUSSION

**A. The Motion to Dismiss**

**1. Cases 8208 and 608**

Carter argues that he filed suit within the statutory limitations period.  Under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16, a plaintiff must file a judicial complaint

4

within ninety days of receiving notice of a final agency action regarding plaintiff's administrative complaint. 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.407(a). The notice may be constructive, as well as actual. Irwin v. Dept. of Veteran's Affairs, 498 U.S. 89, 93 (1990); Espinoza v. Mo. Pac. R.R., 754 F.2d 1247, 1250 (5th Cir. 1985).

In this case, Carter filed his suit more than ninety days after notification of the final agency decision arrived at his attorney's building. Carter argues that because the letter was received in the building rather than at his office, and because Carter's attorney did not claim the letter from the building's central mailing facility until three days after the letter arrived, the statute of limitations should have run from that later date.

"[T]he giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled until he actually receives notice." Espinoza, 754 F.2d at 1250. Here, the notice was delivered to Carter's attorney's building on December 29, 2003. Although the attorney's offices were closed at the time, there were no circumstances beyond the attorney's control that prevented collection of the notice. The mere fact that no one checked the

central mailing facilities until several days after the letter's receipt does not prevent the limitations period from beginning to run. A contrary rule would "encourage factual disputes about when actual notice was received, and thereby create uncertainty in an area of the law where certainty is much to be desired." Irwin, 498 U.S. at 93.

Carter also argues that the court should exercise its equitable powers to toll the statute because his attorney's office was closed for the Christmas holidays when the notice arrived. The fact that counsel was on vacation, however, does not merit the tolling of the statute. See Irwin, 498 U.S. at 96 (holding that a case where a lawyer was absent from the office when the notice arrived and did not file suit within the limitations period constituted "a garden variety case of excusable neglect," and did not trigger equitable tolling).

Furthermore, Carter argues that because he was undergoing treatment for prostate cancer during December 2003, he was unavailable to his attorney at that time. However, Carter's treatment apparently ended in December, and there appears to be no reason why the suit could not have been filed within ninety days of receipt of the letter.

**2. Case 3509**

The district court affirmed the Department's determination that Carter had not contacted an EEO counselor within forty-five

days of the alleged discriminatory event, as required by regulation.  See 29 C.F.R. § 1614.105(a)(1).  Carter argues that he was informally attempting to resolve issues with management during this time period.  Although any informal attempt at resolution is commendable, the regulations provide no exception to the limitations period.  As Carter undisputedly knew of the alleged violation forty-five days prior to the deadline, and no one is alleged to have misled him concerning the nature of his rights, the district court correctly held that Carter did not exhaust his administrative remedies within the forty-five day time limit provided by regulation.

**B.  Rule 59 Motion**

Carter advances two general contentions as to why the denial of the motion for reconsideration should be reversed.  First, he rehashes the arguments made in opposition to the motion to dismiss, as discussed above.  Second, he argues that under the first-to-file rule, this case should have been consolidated with the original suit or stayed until the first court had come to a final determination on the merits.

The district court did not err in denying the motion. Reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.  Templet v. HydroChem, Inc., 367 F.3d 473, 479 (5th Cir. 2004).  "Such a motion is not the proper vehicle for rehashing evidence, legal theories, or

arguments that could have been offered or raised before the entry of judgment." Id. at 478-9. Carter's only new argument in the motion was that the district court should transfer or stay the case based on the first-to-file rule. That rule generally applies when opposing parties have filed separate lawsuits concerning the same core facts. In such a case, the district court in which the later action was filed may dismiss, stay, or transfer the suit in order to avoid duplicative litigation and enforce the principle of comity. See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728-31 (5th Cir. 1985) (reversing district court's grant of a preliminary injunction when similar case was pending in a different jurisdiction).

However, in order to be able to transfer the case, the court must be aware of the existence of the original suit. At the time the district court in this case issued its final judgment, the court knew only that the previously filed case had been dismissed for failure to prosecute. Carter failed to inform the district court prior to final judgment that the case had been reinstated, although Carter knew of the reinstatement seven weeks prior to the issuance of the final order. Carter's unexcused failure to provide the district court with this information is, standing alone, grounds for denying the motion. See Templet, 367 F.3d at 479 (5th Cir. 2004). The district court properly determined that this information did not create "a manifest error of law or

8

fact," and did not merit the extraordinary remedy of altering the judgment.  <u>See</u> <u>Waltman v. Int'l Paper Co.</u>, 875 F.2d 468, 473 (5th Cir. 1989).

## IV.  CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.