# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-51283
Summary Calendar

ROBERT GLEN TAYLOR

Plaintiff-Appellant

v.

SETON-BRACKENRIDGE HOSPITAL

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-730-LY

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Robert Glen Taylor ("Taylor"), an African-American, filed suit against Seton-Brackenridge Hospital ("Seton") alleging employment discrimination based on race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. The district court granted Seton's motion for summary judgment, and Taylor appealed. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. *Summary of the Facts*

Taylor was employed as a Clinical Assistant and then as a Sterile Processing Technician by Seton. Taylor's employment was terminated after a series of events starting with the complaint by a co-worker, Jehona Tafilaj ("Tafilaj"), that Taylor had leaned down and bitten her on the buttocks while they were cleaning an operating room on January 5, 2005. Donna Schulze ("Schulze"), Tafilaj's supervisor, and Seton Senior Human Resources Generalist Norma Gonzalez ("Gonzalez") investigated the incident. Gonzalez interviewed Tafilaj and two other individuals who were present in the room at the time of the incident – Sam Olivo and Albert Kaiser ("Kaiser"). Taylor claimed that Tafilaj had backed into his face while he was kneeling. Neither witness saw the incident, but Kaiser stated that Tafilaj had told him of the incident immediately afterwards. Schulze and Gonzalez recommended that Taylor apply for a transfer on January 21, 2005. He did so and was placed in the Sterile Processing Department without the normal deduction in pay.

On July 29, 2005, Tafilaj reported two more incidents involving Taylor. The first report was that Taylor yelled expletives at her as she exited a parking garage on July 14, 2005, with Alicia Michalz, a co-worker. The second was that he confronted Tafilaj and referred to her as an expletive as she exited the hospital. Seton interviewed the witness from the first incident and reviewed the tape from the second and found that there was sufficient evidence that Taylor had verbally harassed Tafilaj in retaliation for her earlier complaint about him. Seton terminated Taylor's employment on August 9, 2005.

## B. *Procedural Background*

The Equal Employment Opportunity Commission ("EEOC") sent Taylor a right-to-sue letter concerning his current discrimination charges on May 31, 2006. Taylor filed his Original Complaint *pro se* on September 21, 2006,

bringing race discrimination claims under Title VII and 42 U.S.C. § 1981 against Seton.  On March 7, 2008, Taylor obtained counsel.  Seton filed a motion for summary judgment on September 8, 2008.  On November 12, 2008, the United States Magistrate Judge submitted a Report and Recommendation that Seton's motion for summary judgment be granted.  The district court entered an order adopting the Magistrate Judge's Report and Recommendation on December 1, 2008, and Taylor filed a timely appeal.

## II. ANALYSIS

### A. Standard of Review

This Court reviews the district court's grant of summary judgment *de novo*, applying the same legal standard as the district court in the first instance. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citation omitted).  Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  In making a determination as to whether there is a genuine issue of material fact, this Court considers all of the evidence in the record but refrains from making credibility determinations or weighing the evidence.  *Turner*, 476 F.3d at 343 (citation omitted).  We draw all reasonable inferences in favor of the nonmoving party, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Id.* (citations omitted).  "Summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party." *Id.* (citation omitted).

### B. The Filing of Taylor's Claims

The district court granted Seton's motion for summary judgment on Taylors's Title VII claims on the grounds that his complaint was not filed within ninety days from the date he received his right-to-sue letter from the EEOC.

Under 42 U.S.C. § 2000e-5(f), suit must be filed within ninety days of receipt of a right-to-sue letter. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 381 (5th Cir. 1982). A person who fails to file a complaint within the ninety-day period forfeits the right to pursue the claim. *Espinoza v. Missouri Pacific R.R. Co.*, 754 F.2d 1247, 1251 (5th Cir. 1985). The ninety-day filing period acts as a statute of limitations, unless a plaintiff failed to receive the letter through no fault of his own or if he presents some other reason for equitable tolling. *Id.*

The EEOC issued a right-to-sue letter to Taylor on May 31, 2006. Taylor is uncertain about the date he received the letter, but asserts that he received the letter "some time around the middle of June" because it was erroneously delivered to his neighbor, who failed to forward it to him immediately. He asserts that the letter arrived between June 12, 2006, and June 18, 2006. Taylor filed a motion to proceed *in forma pauperis* on September 14, 2006, and filed his complaint on September 21, 2006.

When the date on which a right-to-sue letter was received is either unknown or disputed, this court has held that courts may presume "various receipt dates ranging from three to seven days after the letter was mailed." *Books A Million, Inc.*, 296 F.3d at 379. Applying this precedent, the district court presumed that Taylor received the right-to-sue letter on June 7, 2006. This would have required Taylor to file suit by September 5, 2006. Taylor argues that the ninety-day period should be tolled until his actual receipt of the letter, since the delayed receipt of the letter was through no fault of his own. He cannot, however, pinpoint the date upon which he actually received the letter. The district court originally allowed Taylor to proceed with the lawsuit pending further discovery. At the time the district court granted Seton's motion for summary judgment, the only evidence on record pertaining to the date of filing outside of the actual filing dates was Taylor's sworn statement that he received the right-to-sue letter in the middle of June. Because the district court's grant

of summary judgment can be affirmed on the merits of the claims, we decline to decide whether the claim was barred as late.

## C. Merits of the Section 1981 and Title VII Claims

### 1. Applicable law

Section 1981 entitles all persons within the jurisdiction of the United States with the same rights to enter in and enforce contracts as those "enjoyed by white citizens." 42 U.S.C. § 1981. The elements of an employment discrimination claim asserted under § 1981 are identical to a discrimination claim asserted under Title VII. *Flanagan v. Aaron E. Henry Cmty. Health Sevs. Ctr.*, 876 F.2d 1231, 1233 (5th Cir. 1989). Thus, employment discrimination claims brought under § 1981 are analyzed under the same evidentiary framework as Title VII claims. *Roberson v. Alltel Information Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

Under Title VII it is "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Taylor has not provided direct evidence of discrimination, therefore, his claim based on circumstantial evidence is analyzed under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). *See Turner*, 476 F.3d at 345.

Taylor must first establish a prima facie case of discrimination by establishing that he "(1) is a member of a protected class; (2) was qualified for the position; (3) was subjected to an adverse employment action; and (4) was replaced by someone outside the protected class, or in the case of disparate treatment, shows that other similarly situated employees were treated more favorably." *Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004). Once Taylor demonstrates a prima facie case, Seton must articulate a legitimate,

non-discriminatory reason for its decision to terminate Taylor. *Id.* If Seton meets this burden, Taylor must then offer sufficient evidence to raise a genuine issue of material fact as to whether Seton's reasons are false or unworthy of credence and, thus, merely a pretext for discrimination. *See id.* at 312.

### 2. *Taylor's prima facie case of discrimination*

Taylor failed to establish a prima facie case of discrimination. The first three elements are settled: Taylor is an African-American, his qualification for the position has not been challenged, and he was discharged. Seton challenges only the fourth element of Taylor's prima facie case, arguing that Taylor provided no evidence that he was replaced by a non-African-American or female or that a similarly situated non-African-American or female was treated more fairly. To satisfy this element, Taylor must provide evidence of another employee in a similar position accused of similar impropriety in the workplace who was treated more favorably than himself. *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 406 (5th Cir. 2005). Taylor provided no evidence of a non-African-American or female who was accused of similar impropriety and received more favorable treatment. He does not argue otherwise. Taylor failed to provide evidence of the fourth element of the prima facie case of discrimination.

### 3. *Seton's legitimate, non-discriminatory reason*

Even if Taylor had provided evidence of a prima facie case of discrimination, Seton has offered a legitimate, non-discriminatory reason for its decision to terminate Taylor. Seton asserts that it discharged Taylor because he verbally harassed a co-worker. Seton provides evidence to support this reason, and Taylor does not attempt to rebut this allegation. Under the *McDonnell Douglas* burden-shifting framework, Seton's establishment of a legitimate, non-discriminatory reason for discharging Taylor would require Taylor to prove that the given reason was merely a pretext for discrimination if he had first established a prima facie case of discrimination. *Bryan*, 375 F.3d at 312.

6

*4. Pretext for discrimination*

To survive summary judgment, Taylor must ultimately provide evidence to create a genuine issue of material fact that either (1) Seton's reason is false and is a pretext for discrimination, or (2) that although Seton's reason is true, Taylor's protected characteristic was a motivating factor for the adverse employment action. *Id.* Taylor asserts the pretext alternative. He must produce sufficient evidence for a reasonable jury to find either that Seton's explanation is unworthy of credence or that a discriminatory reason more likely motivated Seton's decision to terminate him. *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 143 (2000).

Taylor asserts that Seton's investigation into the allegations of harassment was flawed because witnesses who would have corroborated his side of the story were not interviewed, thus showing a discriminatory animus. Taylor offers his own sworn declaration, the sworn declaration of Tracy Hill ("Hill"), and a copy of a document detailing interview notes taken by Norma Gonzales in her interview with Sam Olivio after the incident. He asserts that he did not bite Tafilaj's buttocks and that Hill, a co-worker who witnessed the incident through an open door, would have testified to that fact if the Seton investigators would have accepted her repeated requests to be interviewed.

None of this information shows that Seton's proffered reason is a pretext for discrimination. Seton's explanation for discharging Taylor is that he verbally harassed Tafilaj. In fact, Taylor was not terminated immediately after the alleged biting incident. After Seton completed its investigation, it suggested that Taylor request a transfer to another unit. He took this action and was allowed to retain his level of pay although it would normally have been reduced. After the biting allegation, Tafilaj reported two separate instances of verbal harassment by Taylor. Seton corroborated the first instance with a statement from Alicia Michalz, a co-worker who was present at the time of the incident.

Seton corroborated the second instance with video-tape from a camera which monitors the hospital entrance. Taylor provides no evidence to the contrary. In addition to failing to establish a prima facie case of discrimination, Taylor fails to provide evidence sufficient to create a genuine issue of material fact that Seton's reason for discharge was merely a pretext for discrimination.

## III. CONCLUSION

For the foregoing reasons, the district court's grant of Seton's motion for summary judgment is AFFIRMED.